[No. B236912. Second Dist., Div. Three. Dec. 3, 2012.]

SINO CENTURY DEVELOPMENT LIMITED et al., Plaintiffs and Respondents, v.
DAVID L. FARLEY et al., Defendants and Appellants.

## COUNSEL

Menke & Menke, Dennis V. Menke and James D. Menke for Defendants and Appellants.

Gordon & Rees, Don Willenburg, Phillip R. Maltin and Marc A. Holmquist for Plaintiffs and Respondents.

OPINION

**ALDRICH, J.**—In this case, we must determine whether California Rules of Court, rule 2.30[1] permits a trial court to award attorney fees as sanctions for a rules violation. Rule 2.30(b) authorizes the court to impose reasonable monetary sanctions for violating a rule of court. Rule 2.30(d) also provides in "addition to the sanctions awardable under (b), the court may order the person who has violated the applicable rule to pay to the party aggrieved by the violation that party's reasonable expenses, including reasonable attorney's fees and costs, incurred in connection with the motion for sanctions or the order to show cause."[2] The court imposed $81,461.13 in sanctions on appellants David L. Farley and his counsel, Menke & Menke, LLP (Menke), and declared a mistrial because appellants violated a rule of court that required notification of the automatic stay imposed by a filing in the bankruptcy court.[3] These monetary sanctions included attorney fees incurred by the aggrieved party as a result of the rules violation.

We conclude that rule 2.30 does not authorize full compensation of all attorney fees incurred as a result of a rules violation, but only authorizes the court to award reasonable attorney fees incurred in connection with the proceedings in which the aggrieved party seeks sanctions. We therefore reverse the trial court's order awarding attorney fees and remand to the trial court to reconsider the reasonable attorney fees incurred in connection with the motion for sanctions and the order to show cause. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Events Leading to Motion for Sanctions and Order to Show Cause*

Sino Century Development Limited and Sinomax Polyurethanes (Shanghai) Co., Ltd. (collectively, Sinomax), sold urethane foam for bed mattresses to Anatomic Global Inc. (Anatomic Global). Sinomax sued Anatomic Global and Farley to collect almost $3 million in unpaid invoices.

---

[1] All further references to rules are to the California Rules of Court.

[2] Rule 2.30 states in pertinent part: "(b) Sanctions [¶] In addition to any other sanctions permitted by law, the court may order a person, after written notice and an opportunity to be heard, to pay reasonable monetary sanctions to the court or an aggrieved person, or both, for failure without good cause to comply with the applicable rules. . . . [¶] . . . [¶] (d) Award of expenses [¶] In addition to the sanctions awardable under (b), the court may order the person who has violated an applicable rule to pay to the party aggrieved by the violation that party's reasonable expenses, including reasonable attorney's fees and costs, incurred in connection with the motion for sanctions or the order to show cause." (Boldface omitted.)

[3] Rule 3.650 requires a party to give notice if the case is automatically stayed by a filing in the federal bankruptcy court. (Rule 3.650(a)–(c).)

In January 2011, before Farley was dismissed as a defendant in this action, he filed for bankruptcy, which triggered a stay of judicial proceedings against him (11 U.S.C. § 362(a)). Farley, however, did not notify Sinomax or the trial court that he had filed for bankruptcy protection as required under rule 3.650.

During the bankruptcy proceedings, one of Farley's creditors filed an adversary complaint against him and Anatomic Global. As part of the settlement of the adversary proceeding in the bankruptcy court, the creditor obtained Anatomic Global's assets.

In late April 2011, months after Farley had declared bankruptcy, Sinomax and Menke discussed dismissing Farley from this action. Despite entering into these discussions and negotiating the dismissal, Menke later told the court that it mistakenly believed Farley had been dismissed one year before the bankruptcy filing. Upon learning that Farley had not been dismissed from this action, Menke failed to inform the court of the automatic bankruptcy stay. While the stay was in effect, the trial court entered Farley's dismissal.

On June 28, 2011, the day before trial, Menke informed Sinomax that Farley had filed for bankruptcy. Menke proposed that the parties avoid a costly trial because Anatomic Global had no assets.

The parties did not reach a settlement, and the jury trial commenced. Meanwhile, Sinomax attempted to obtain Farley's bankruptcy file.

## 2. The Trial Court Imposes Monetary Sanctions

Sinomax informed the court that Farley had filed for bankruptcy and asked the court to issue an order to show cause why sanctions should not be imposed for failing to notify the court of the automatic bankruptcy stay. The court issued the order to show cause, declared a mistrial, and dismissed the jury. The court also set a hearing for the limited purpose of permitting Sinomax's witnesses, who had traveled from China for the trial, to testify regarding their expenses. Following the hearing, the parties filed and responded to a motion for sanctions.

Sinomax filed a sanctions motion seeking $81,461.13 against Farley, Anatomic Global, and Menke pursuant to rule 2.30, Code of Civil Procedure section 575.2,[4] Government Code section 68608, and section 362 of title 11 of

---

[4] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

the United States Code. The requested sanctions represented attorney fees incurred in preparing the sanctions motion along with the expenses and attorney fees incurred in preparation for and during trial.

The trial court imposed the requested $81,461.13 in sanctions pursuant to rule 2.30 against Farley and Menke.[5] The court concluded that rule 2.30(d) gave it the authority to impose reasonable monetary sanctions for failure to comply with the applicable rule of court, and rule 2.30(b) gave the court authority to order the person who had violated the rule of court to pay the party aggrieved by the violation its reasonable expenses, " 'including reasonable attorney's fees and costs, incurred in connection with the motion for sanctions or the order to show cause.' " (Italics omitted.) Because rule 2.30 authorized sanctions, the trial court distinguished *Bauguess v. Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942] (*Bauguess*), holding that a trial court could not rely on its inherent supervisory authority to impose attorney fees as sanctions for attorney misconduct. According to the trial court, it was not relying on its inherent authority because rule 2.30(d) authorized awarding attorney fees "*in connection with* the instant motion." (Original italics.)

This timely appeal followed.

## DISCUSSION

We must determine whether rule 2.30 authorizes the trial court to impose attorney fees as sanctions for violating a rule of court, and whether rule 2.30 is a lawful exercise of the Judicial Council's constitutional rulemaking authority. On issues addressing the interpretation of the California Rules of Court, our review is de novo. (*In re Daniel M.* (1996) 47 Cal.App.4th 1151, 1154 [55 Cal.Rptr.2d 17].)

1. *Attorney Fees Are Not Authorized as Sanctions for a Rule of Court Violation*

■ Appellants contend that rule 2.30 does not authorize the court to impose attorney fees as reasonable monetary sanctions for a rule violation. " 'The rules applicable to interpretation of the rules of court are similar to

---

[5] On appeal, Sinomax raises alternative grounds for the imposition of sanctions, but the trial court did not rely on any other sanctions statute, and in any event, the other statutes do not authorize attorney fees as sanctions for a rule of court violation. Section 575.2 authorizes local court rules to include sanctions for failure to comply with local rule requirements. Government Code section 68608, subdivision (b) is a provision of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.), stating: "Judges shall have all the powers to impose sanctions authorized by law . . . . Judges are encouraged to impose sanctions to achieve the purposes . . ." of the act. (§ 68608, subd. (b).)

those governing statutory construction. [Citation.] Under those rules of construction, our primary objective is to determine the drafters' intent. [Citation.]' [Citation.]" (*Rossa v. D.L. Falk Construction, Inc.* (2012) 53 Cal.4th 387, 391 [135 Cal.Rptr.3d 329, 266 P.3d 1022].) " 'If the rule's language is clear and unambiguous, it governs. [Citation.] Experience teaches, however, that unforeseen ambiguities can and do come to light despite the drafters' considered efforts to avoid them. In such cases, courts may consult appropriate extrinsic sources to clarify the drafters' intent. [Citation.]' [Citation.]" (*Id.* at pp. 391–392.) As shall be discussed, based on the plain language of rule 2.30 and extrinsic materials from the Judicial Council that clarify its intent, appellants correctly interpret rule 2.30.

### a. *"Reasonable Monetary Sanctions" Do Not Include Attorney Fees*

Appellants contend that rule 2.30(b) authorizes "reasonable monetary sanctions," which do not include attorney fees as sanctions. A broad construction of that phrase might include attorney fees as sanctions, while a narrow construction would not because attorney fees are not specifically authorized. In light of this ambiguity, " 'we may consider a variety of extrinsic sources in order to identify the interpretation that best effectuates the [Judicial Council's] intent. [Citation.]' [Citation.]" (*Rossa v. D.L. Falk Construction, Inc., supra,* 53 Cal.4th at p. 392.)

■ Attorney fees cannot be imposed as a monetary sanction for attorney misconduct without specific statutory authorization (or an agreement of the parties). (*Bauguess, supra,* 22 Cal.3d at pp. 637–639; *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 163–166 [80 Cal.Rptr.3d 812].) Rejecting the use of the court's inherent supervisory authority to impose attorney fees as a monetary sanction, the *Bauguess* court stated, it would be "unnecessary and unwise to permit trial courts to use fee awards as sanctions apart from those situations authorized by statute." (*Bauguess, supra,* at p. 637.)[6]

---

[6] Sinomax's attempt to distinguish *Bauguess* is unpersuasive. *Bauguess* was not superseded by statute. In response to *Bauguess,* the Legislature enacted a statute (§ 128.5) to broaden the court's authority to impose sanctions. (*Clark v. Optical Coating Laboratory, Inc., supra,* 165 Cal.App.4th at p. 164.) *Bauguess* is not limited to those cases in which a court imposes sanctions based upon its inherent authority; *Bauguess* establishes a broad rule that there must be specific statutory authority to impose attorney fees as sanctions for misconduct. (See *Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 809 [11 Cal.Rptr.3d 298, 86 P.3d 354].) And, *Rudnick v. Rudnick* (2009) 179 Cal.App.4th 1328, 1333 [102 Cal.Rptr.3d 493], is inapposite because that case addresses broad equitable powers that a probate court maintains over the trusts within its jurisdiction, not the supervisory authority of the court at issue in *Bauguess.*

■ Noting that the *Bauguess* court was concerned with the absence of procedural safeguards that permitted sanctions exceeding the fine for contempt, the court in *Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc.* (1997) 60 Cal.App.4th 352 [70 Cal.Rptr.2d 449] (*Trans-Action*), addressed whether a $50,000 sanction imposed under former rule 227, the predecessor to rule 2.30, was valid under the Judicial Council's rulemaking authority. (*Trans-Action, supra,* at pp. 354–355.) The Judicial Council has authority to, among other things, "adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute." (Cal. Const., art. VI, § 6, subd. (d).) These rules "shall not be inconsistent with statute." (*Ibid.*) The test for determining whether a rule that the Judicial Council has adopted exceeds statutory authority is whether the rule conflicts with any statute or legislative intent. (See *People v. Hall* (1994) 8 Cal.4th 950, 960 [35 Cal.Rptr.2d 432, 883 P.2d 974]; *In re Robin M.* (1978) 21 Cal.3d 337, 346 [146 Cal.Rptr. 352, 579 P.2d 1].) A rule may be broader than the literal terms of the statute, provided it reasonably furthers the statutory purpose. (*Trans-Action, supra,* at p. 364.)

Former rule 227 stated a " 'court may order the person at fault [for failure to comply with a court order, local rules, or rules of court] to pay the opposing party's reasonable expenses and counsel fees . . . .' " (*Trans-Action, supra,* 60 Cal.App.4th at p. 361.) Because the rule of court did not have procedural safeguards or a monetary limit on sanctions, the *Trans-Action* court analyzed other sanctions statutes that might have covered the offending attorney's conduct for violating court orders (§§ 128.5, 128.7, 177.5, 1218) to determine if former rule 227 was consistent with the legislative intent regarding attorney fee awards as sanctions for disobedience of a court order. (*Trans-Action, supra,* at pp. 365, 367–372.)

The *Trans-Action* court concluded that former rule 227 did not conflict with any sanctions statute, but it "conflict[ed] with the legislative intent manifested in the sanctions statutes, to the extent the rule purport[ed] to allow sanctions inconsistent with the limits and conditions provided in an applicable statute." (*Trans-Action, supra,* 60 Cal.App.4th at p. 371.) When the Legislature authorized courts to award attorney fees as a result of an attorney's misconduct, it required finding that the conduct was in bad faith and was either frivolous or intended to cause unnecessary delay (§ 128.5),[7] or limited recoverable fees to the amount necessary for effective deterrence (§ 128.7, subd. (d)). Moreover, while attorney fees are recoverable as additional punishment for contemptuous violation of a court order, the Legislature limited recovery to those incurred in the contempt proceedings. (§ 1218,

---

[7] Section 128.5 applies to actions or tactics in a proceeding initiated, or complaint filed, before December 31, 1994. (§ 128.5, subd. (b)(1).)

subd. (a).) Sanctions payable to the court also are limited. (See, e.g., § 177.5.) There were no such limits or procedural safeguards in former rule 227. (*Trans-Action, supra*, at p. 371.) Thus, former rule 227 was invalid, and the $50,000 sanctions imposed on an attorney for causing a mistrial could not stand.

Sinomax contends that this court disregarded *Trans-Action, supra*, 60 Cal.App.4th 352 when, two years later, we decided *Datig v. Dove Books, Inc.* (1999) 73 Cal.App.4th 964 [87 Cal.Rptr.2d 719]. They also maintain the Judicial Council ignored *Trans-Action*, arguing that "subsequent to *Trans-Action*, the Judicial Council re-organized and re-numbered the Rules of Court," but "it did not modify the text of former Rule 227, new Rule 2.30 to reflect the overbroad holding of *Trans-Action*." Sinomax misreads *Datig*, and overlooks the Judicial Council's response to *Trans-Action*.

■ In *Datig v. Dove Books, Inc., supra*, 73 Cal.App.4th 964, we recognized that the Judicial Council has authority to enforce its own rules. We acknowledged there was no legislative enactment that was contrary to former rule 227's provision for an award of attorney fees as sanctions for a violation of a rule of court. (*Datig v. Dove Books, Inc., supra*, at pp. 982–983 & fn. 17.) We did not address whether the broad authorization of attorney fees as sanctions conflicted with readily determinable statutory intent in the sanctions statutes. Cases are not authority for propositions not decided. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].) More to the point, contrary to Sinomax's misstatement in its brief, the Judicial Council rewrote former rule 227 following the *Trans-Action* decision. Those amendments took effect after we decided *Datig*. (See *Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1456–1458 [92 Cal.Rptr.3d 178].)

In response to *Trans-Action, supra*, 60 Cal.App.4th 352, the Judicial Council's civil and small claims advisory committee (Committee) recommended amending former rule 227.[8] (Judicial Council of Cal., Advisory Com. Rep., Sanctions for Violations of the Rules of Court (2000) p. 1 (Advisory Committee Report); see *Vidrio v. Hernandez, supra*, 172 Cal.App.4th at pp. 1457–1458.) The Committee proposed amendments to former rule 227 that included authority for trial courts to award sanctions, additional procedural safeguards, and revisions that deleted as sanctions "the opposing party's reasonable expenses and counsel fees" and replaced that phrase with "reasonable monetary sanctions." (Advisory Com. Rep., at pp. 2, 6.)

---

[8] The July 1, 2001 amendment rewrote rule 227. (See Historical Notes, 23 pt. 1A West's Ann. Rules of Court (2006 ed.) foll. rule 2.30, pp. 66–67.) The 2004 amendment did not substantively change former rule 227(b) and (d). (Historical Notes, 23 pt. 1A West's Ann. Rules of Court, *supra*, foll. rule 2.30, pp. 66–67.) In 2007, rule 227 was renumbered rule 2.30 as part of the reorganization of the California Rules of Court. (Historical Notes, 23 pt. 1A West's Ann. Rules of Court, *supra*, foll. rule 2.30, p. 67.)

The Advisory Committee Report explained that the amended rule would be similar to the sanctions provided for violations of local rules (§ 575.2), and would contain the same procedural safeguards as the statute authorizing monetary sanctions for violations of court orders (§ 177.5). (Advisory Com. Rep., *supra*, at pp. 2–3.) Additionally, like section 575.2, revised rule 227 would authorize courts to order persons who violated a rule of court to pay to aggrieved parties their reasonable expenses, "including reasonable attorney fees and costs, incurred in connection with the sanctions motion." As amended, the rule of court "would not be inconsistent with any sanctions statute." (Advisory Com. Rep., *supra*, at p. 3.)

■ The Judicial Council's response to *Trans-Action* clearly and unambiguously expressed its intent to rewrite former rule 227. The Judicial Council eliminated attorney fees as sanctions by replacing "reasonable expenses and counsel fees" in former rule 227 with "reasonable monetary sanctions." This revision eliminated a specific authorization of attorney fees as sanctions and limited attorney fees to those expenses incurred in connection with the motion for sanctions and order to show cause. ■ (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745] ["The expression of some things in a statute necessarily means the exclusion of other things not expressed."].)

■ Two additional points raised in the Advisory Committee Report support our conclusion that the Judicial Council's amendments eliminated attorney fees as sanctions for violating a rule of court. First, the Committee intended that the amended rule would be similar to section 575.2, the sanctions statute for a violation of a local rule. Section 575.2 limits attorney fees to those incurred in making the sanctions motion. Second, the Judicial Council stated the amended rule would not be inconsistent with any sanctions statute. As previously discussed, attorney fees may not be awarded as a sanction absent specific authorization or agreement of the parties. (*Bauguess, supra,* 22 Cal.3d at pp. 637–640.) We presume the Judicial Council knew the *Bauguess* case. Accordingly, the trial court here had no authority under rule 2.30(b) to award attorney fees as sanctions for violating a rule of court.

b. *Rule 2.30(d) Limits Attorney Fees to Those Incurred in the Proceedings Seeking Sanctions for Violating a Rule of Court*

■ Sinomax contends, however, its attorney fees incurred as a result of the rule violation are recoverable under rule 2.30(d) because the plain language in the rule does not limit attorney fees to those incurred in bringing the motion. Rule 2.30(d) states, in addition to sanctions awarded under rule 2.30(b), the court may order the person who violated the rule to pay reasonable expenses, including reasonable attorney fees and costs incurred in

connection with the motion for sanctions or the order to show cause. The trial court, like Sinomax, adopted a broad interpretation of rule 2.30(d), which is contrary to the plain language in the rule of court, and also contrary to the intent of the Judicial Council.

■ Rule 2.30(d) authorizes the court to award reasonable attorney fees incurred in connection with the motion for sanctions, not attorney fees incurred as a result of the rule violation. Section 1218, subdivision (a), the contempt statute, contains similar language authorizing attorney fees incurred "in connection with the contempt proceeding." "[W]hen the Legislature enacted fee sanctions as additional punishment for contemptuous violation of a court order, it did not allow the recovery of all fees resulting from the violation, but only those incurred in connection with the contempt proceeding itself. (§ 1218, subd. (a).)" (*Trans-Action, supra,* 60 Cal.App.4th at p. 371; see *Luckett v. Keylee* (2007) 147 Cal.App.4th 919, 926 [54 Cal.Rptr.3d 718].)

If rule 2.30(d) had been intended by the Judicial Council to fully compensate an aggrieved party for attorney fees incurred as a result of a rule violation, rule 2.30(d) would not have limited recoverable attorney fees to the sanctions motion or order to show cause. Sanctions statutes awarding attorney fees as a result of misconduct contain broader language than rule 2.30(d). Section 128.7, for example, authorizes sanctions for filing papers for an improper purpose, and states sanctions may include "some or all of the reasonable attorney's fees and other expenses *incurred as a direct result of the violation.*" (§ 128.7, subd. (d), italics added.) The sanctions awarded under section 128.5 include attorney fees "incurred by another party *as a result of bad-faith actions or tactics* that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a), italics added.)[9] The Judicial Council knew how to draft a broader sanctions provision. Thus, based upon the distinction in the sanctions statutes between reasonable attorney fees as expenses incurred in the sanctions proceedings, and attorney fees incurred resulting from misconduct, we conclude rule 2.30(d) only authorizes attorney fees incurred in the proceedings in which the aggrieved party seeks sanctions.

As noted, Sinomax contends that if the Judicial Council had intended to limit recoverable attorney fees to those incurred in making the motion for

---

[9] Abuse of the discovery process also permits the recovery of attorney fees as sanctions. (See §§ 2023.030, subd. (a) ["The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone *as a result of that conduct.*" (italics added)], 2033.420, subd. (a) ["If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so . . . , and·if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses *incurred in making that proof,* including reasonable attorney's fees." (italics added)].)

sanctions, it would have used the same language contained in section 575.2. Section 575.2, subdivision (a), specifically authorizes the trial court to order the party or his or her counsel to pay to the moving party the reasonable expenses "in making the motion, including reasonable attorney fees." We view the language in rule 2.30(d), that is, "in connection with the motion for sanctions or the order to show cause," as broader than section 575.2 only insofar as attorney fees are recoverable in these proceedings. Had the Judicial Council intended to expand the recoverable attorney fees to those incurred as a result of a rule violation, it would not have limited recoverable expenses.

As for the amount of attorney fees awarded, appellants concede that the trial court did not err in awarding Sinomax $5,650 in attorney fees incurred in preparing the sanctions motion. Sinomax submitted attorney declarations separately listing the hours spent preparing the motion, but these declarations do not account for recoverable attorney fees incurred in connection with the order to show cause. Thus, we remand for the trial court to reconsider the award of attorney fees under rule 2.30(d).

2. *Rule 2.30 Is a Proper Exercise of Judicial Council Rulemaking Authority*

 Apart from challenging the trial court's interpretation that rule 2.30 permits the award of attorney fees as sanctions for a rule violation, appellants also contend that the trial court had no authority to impose any sanctions because the Judicial Council exceeded its rulemaking authority by adopting rule 2.30. We have previously concluded that rule 2.30 is a proper exercise of rulemaking authority. (*Datig v. Dove Books, Inc., supra,* 73 Cal.App.4th at pp. 982–983 & fn. 17; see *Vidrio v. Hernandez, supra,* 172 Cal.App.4th at p. 1458 [Judicial Council's authority to adopt rules includes the authority to create the means to enforce the rules]; *Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 979 [272 Cal.Rptr. 126] [recognizing authority to impose sanctions based on a violation of state or local rule].)[10] We agree with *Vidrio* that "[i]t would simply make no sense to allow a court to impose sanctions for violations of its own orders relating to practice and procedure

---

[10] Appellants contend that the rule enunciated in *Bauguess, supra,* 22 Cal.3d 626, requires statutory authority to impose any sanctions on attorneys for misconduct. The cases cited, however, do not address sanctions authorized by a rule of court. (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1708, 1709–1712 [71 Cal.Rptr.3d 207] [court cannot rely on inherent authority to impose $95,009 attorney fees sanction to discipline attorney for improper conduct]; *People v. Muhammad* (2003) 108 Cal.App.4th 313, 323, 325 [133 Cal.Rptr.2d 308] [monetary sanction imposed on attorney not authorized by statute]; *Lind v. Medevac, Inc.* (1990) 219 Cal.App.3d 516, 519–520, 522–523 [268 Cal.Rptr. 359] [court cannot rely on inherent authority to impose $20,000 sanction for violation of Rules Prof. Conduct]; *Yarnell & Associates v. Superior Court* (1980) 106 Cal.App.3d 918, 922–923 [165 Cal.Rptr. 421] [monetary sanction awarded under court's inherent authority was improper].)

(see § 177.5), but not for violations of the more generally applicable rules of court." (*Vidrio v. Hernandez, supra*, at p. 1458.)

Relying on *Trans-Action, supra*, 60 Cal.App.4th 352, appellants contend that rule 2.30(b) conflicts with the statutory intent of the sanctions statute by failing to impose a limit on "reasonable monetary sanctions." The Judicial Council afforded the trial court discretion to impose an appropriate sanction. This is consistent with the sanctions statutes. (See §§ 128.5, subd. (a) ["Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."], 128.7, subd. (d) [authorizing court, if warranted, to issue "an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation"], 575.2, subd. (a) [sanctions for violations of local rules, including an order to "strike out all or any part of any pleading of that party, or, dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law"].)

Our conclusion also is consistent with the sanctions statutes limiting monetary sanctions. The monetary limits apply to punitive sanctions payable to the court, not payable to the aggrieved party. Section 1218, subdivision (a) imposes a fine of up to $1,000 for contempt payable to the court, and section 177.5 imposes a maximum fine of $1,500 payable to the court. "Section 177.5 'was designed to supplement section 128.5, which authorizes a trial court to order a party or a party's attorney, or both, to pay to another party reasonable expenses incurred by that party as a result of bad faith actions or tactics which are frivolous or solely intended to cause unnecessary delay.' " (*In re Woodham* (2001) 95 Cal.App.4th 438, 446 [115 Cal.Rptr.2d 431].) The sanctions statutes giving the trial court discretion to order a party or a party's attorney, or both, to pay sanctions to the aggrieved party contemplate compensatory sanctions as a result of the misconduct. Thus, rule 2.30 is consistent with the intent of the sanctions statutes.

We reject appellants' contention that the sanctions were not reasonable, and that additional procedural safeguards are necessary. The trial court, in its discretion, determined the reasonable monetary sanctions resulting from the rule violation. We do not view these sanctions as imposed for a vindictive purpose or as an attempt to deter vigorous advocacy. The monetary sanctions awarded as a direct result of the rule violation stand.

## DISPOSITION

For the foregoing reasons, the sanctions order is reversed only insofar as the trial court improperly awarded attorney fees as a sanction for violating a rule of court. The matter is remanded to the trial court to recalculate the award of attorney fees incurred in connection with the motion for sanctions and order to show cause. The parties are to bear their own costs on appeal.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied December 27, 2012, and appellants' petition for review by the Supreme Court was denied March 13, 2013, S207900.