Filed 4/3/14

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| In re ALONZO J., a Person Coming Under the Juvenile Court Law. _____ | ) ) ) | |
| THE PEOPLE, | ) ) ) | |
| Plaintiff and Respondent, | ) ) | S206720 |
| v. | ) ) | Ct.App. 3 C068046 |
| ALONZO J., | ) ) | Sacramento County |
| Defendant and Appellant. _____ | ) ) ) | Super. Ct. No. JV130980 |

In a juvenile delinquency proceeding, a 13-year-old child was being detained in juvenile hall on allegations that he had committed two felony assaults and a misdemeanor vandalism. The prosecution offered a plea deal under which the child could return to the home he shared with his mother and his sister, on probation, if he admitted committing one felony assault. The child wanted to accept the offer, but his attorney refused to consent and the juvenile court would not accept the child's admission of guilt without that consent. After a contested jurisdictional hearing, the juvenile court sustained all three charges against the child and directed that he be placed in either a foster or group home, a residential treatment center, or the home of a friend or relative.

The Court of Appeal reversed, concluding that the juvenile court had erred in not allowing the child to accept the prosecution's plea bargain offer over his attorney's objection. The Court of Appeal held that although the consent of the child's attorney was required for an admission of the charges, it was not required for a no contest plea, and that the juvenile court should have allowed the child to accept the plea offer by pleading no contest. We granted review.

We conclude that in a delinquency proceeding the consent of the child's attorney is required for a no contest plea, just as it is for an admission of the charging allegations. Accordingly, we reverse the Court of Appeal's judgment.

**I**

Alonzo J. was born in July 1997. On February 18, 2010, he was living in Sacramento with his mother and his 16-year-old sister when his mother telephoned the Sacramento Police Department. She said that Alonzo, upset because she would not buy him a bicycle, had tried to stab her with a steak knife, saying he wanted to kill her. She pinned him down and took the knife away, sustaining a small cut on her wrist. Alonzo's mother also mentioned that on an earlier occasion, in December 2009, he had assaulted her with a baseball bat, breaking her thumb.

Based on his mother's statements to the police, Alonzo was arrested and placed in juvenile hall. On February 22, 2010, he was charged in a juvenile court delinquency petition (Welf. & Ins. Code, § 602) with one count of felony assault with a deadly weapon (a knife) on his mother (Pen. Code, § 245, subd. (a)(1)). He was then 12 years old.

In March 2010, with the consent of his attorney, Alonzo J. admitted the allegation that he had assaulted his mother with a knife. The juvenile court deemed the offense a misdemeanor. Based on Alonzo's admission, he was declared a ward of the court and released to his mother's care and custody, under a

2

probation officer's supervision, subject to various probation conditions including 30 days of electronic monitoring.

On the night of November 1, 2010, Alonzo's sister telephoned the Sacramento Police Department to report a disturbance at the family home. When the police arrived, Alonzo's mother told them that she and Alonzo had argued; that Alonzo, after kicking a hole in her bedroom door, had swung a skateboard at her and missed; and that when she tried to hold him down he hit her in the face with a portable electric heater. Alonzo's sister confirmed to the police that Alonzo had hit their mother in the face with a portable heater. Alonzo was taken into custody and placed in juvenile hall.

Based on this incident, Alonzo was charged in another delinquency petition with two felony counts of assault with a deadly weapon (the skateboard and the metal heater) and by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) and one misdemeanor count of vandalism (*id.*, § 594, subd. (b)(2)(A)). To represent Alonzo on those charges, the juvenile court appointed the Sacramento County Public Defender, who assigned the task to Assistant Public Defender Jo Ann Harris. Pending the jurisdictional hearing, the juvenile court ordered that Alonzo continue to be detained in juvenile hall.

Before the jurisdictional hearing, Alonzo's mother tried unsuccessfully to have the charges against him dismissed and "repeatedly indicated her unwillingness to cooperate with the [d]istrict [a]ttorney's [o]ffice." The prosecution offered Alonzo a plea bargain with two alternatives. If Alonzo admitted one of the felony assault charges, he would be allowed to return home on probation, with electronic monitoring and credit for days served in juvenile hall; if he admitted only the misdemeanor vandalism charge, he would be placed in a group home or foster home and the felony charges would be dismissed.

3

On January 25, 2011, Alonzo requested a *Marsden* hearing (see *People v. Marsden* (1970) 2 Cal.3d 118, 124-125 [in a criminal prosecution, a defendant who expresses dissatisfaction with appointed counsel must be given an opportunity to state specific bases for the claim of inadequate representation]). During that hearing, Alonzo said: "I'm trying to go home to my family because I've been here for four months, and this is my last year that I get to spend with my sister." He said his attorney wanted him "to take the misdemeanor" and "go to a group home," but that would mean not spending his birthday with his family. He said that he would rather "take the felony and get the ankle monitor and go home" but that his attorney would not agree. "Since she wants me to go to a group home and I want to go home to my family and I have that choice and I have both choices, well, we just keep on arguing about it and it's not getting any better."

Asked to comment, attorney Harris said: "I think this child is desperate to get out of custody and go home with his family and so . . . he's willing to admit to a crime even though he indicates to me he did not swing a heater at his mother. He did not swing a skateboard at his mother. . . . He wants to be with his family. And he's willing to admit to a felony crime in order to get out of custody even though he himself acknowledges that he did not engage in the conduct of trying to hit or strike his mother with a deadly weapon or assault her with force likely to result in the infliction of great bodily harm." She added that under a California Rule of Court and a Welfare and Institutions Code provision, "unless an attorney representing a minor joins in the admission, the Court cannot take the plea." The juvenile court denied Alonzo's *Marsden* motion.

On February 2, 2011, the juvenile court on its own initiative reopened the hearing on Alonzo's *Marsden* motion. The court explained: "[U]pon reflection after the *Marsden* hearing closed last week it occurred to me I may have inadvertently glossed over . . . the major issue that Alonzo was trying to raise and I

4

wanted to make sure I didn't do that." The court asked Alonzo to again state his main concern with the legal representation he was receiving. Alonzo replied: "I just wanted to take the charge and go home." The court told Alonzo that it would not accept an admission unless "there was an agreement as to what the facts are, what actually happened . . . ." The court asked Alonzo's attorney about the status of plea negotiations. Attorney Harris answered: "Alonzo has not come over to where he will agree to go to foster care which legally I think is a better resolution because it relates [*sic*] in a sustained offense on his record. But, Alonzo, he's willing to plead out to a felony offense I believe to go home." She said she had proposed a plea arrangement under which Alonzo would admit felony vandalism if he were allowed to return home, but the prosecution had not agreed to that proposal.

The juvenile court asked Alonzo's attorney to explain why she would not consent to an admission of a felony assault charge, whether it was because, based on her own investigation, she had concluded that Alonzo was not guilty of that offense or because she thought it would be "more beneficial" to have the matter resolved "under some other terms." Attorney Harris replied that it was "a combination of both." She reiterated that Alonzo claimed to be factually innocent and that his mother had "recanted stating that this child at no time took a skateboard and swung it at her and did not take the space heater and swing it at her." The court said: "I think what you told me is that you have looked at all the facts, you have talked to him, you have found all the witnesses who are available who you can talk to, and it's your conclusion that he simply is factually not guilty of the [felony assaults with a deadly weapon] charged in Counts 1 and 2, and if he were to accept the People's offer and make the admission, there would not be a factual basis." Attorney Harris said, "That's right, Your Honor." She recognized, however, that if a contested jurisdictional hearing was held, the juvenile court, as

5

trier of fact, might find the mother's initial statements to the police more credible than her later recantation. Summing up, the court said: "If you think he's not guilty, as far as I'm concerned that's the end of the inquiry and we'll simply go forward and set it for trial. Is that where we are?" Harris said, "That's where we are." The court then affirmed its decision denying Alonzo's *Marsden* motion.

On February 17 and 18, 2011, the juvenile court held a contested jurisdictional hearing. Alonzo's sister and mother testified, as did two of the Sacramento police officers who had come to Alonzo's home on the night of November 1, 2010. The court found each of the petition's allegations true. At the dispositional hearing, on March 8, 2011, the court ordered Alonzo continued as a ward of the court and committed to the custody of the probation officer "for suitable Level A placement pursuant to standing order 98-003 of the juvenile court." Under that standing order, the placement options available for Alonzo were the home of a friend or relative, a licensed foster or group home, or a licensed residential treatment center.

The Court of Appeal reversed. Stating that the issue presented was "the legal right of a fully able 13 year old to accept a plea bargain offer without his counsel's consent," the court concluded that the juvenile court had erred under rule 5.778 of the California Rules of Court (all further rule references are to the California Rules of Court). The court observed that an adult defendant in a criminal case has a constitutionally protected right to participate in the making of certain fundamental defense decisions, including the decision whether to accept or reject a plea bargain offer. The court stated that rule 5.778, which governs pleas in juvenile delinquency proceedings, "is analogous to Penal Code sections 1016, 1018 and 1192.5, which govern the taking of a plea in an adult criminal case." In both adult criminal cases and juvenile delinquency proceedings, the accused must enter the plea personally, the court must explain the accused's constitutional

6

rights, and the court must find a factual basis for the plea. The court concluded: "Thus . . . the law generally affords juveniles the basic plea rights and protections that it affords adult criminal defendants, assuming those juveniles are, as here, capable of understanding and exercising those rights and protections."

The Court of Appeal acknowledged that in juvenile delinquency proceedings rule 5.778(d) expressly requires the consent of the child's counsel for an admission of the charges. For a plea of no contest, however, rule 5.778(e) states: "The child may enter a plea of no contest to the allegations, subject to the approval of the court." The Court of Appeal construed this provision as requiring *only* the approval of the juvenile court, and not the consent of counsel, for a no contest plea in a juvenile delinquency proceeding. Applying its interpretation of rule 5.778 to the facts here, the Court of Appeal held that the juvenile court had erred in failing to recognize that Alonzo could enter a plea of no contest without his counsel's consent, and thereby "failed to respect Alonzo's personal choice over a fundamental decision in his case — whether to accept the prosecution's plea bargain offer . . . ."

The Court of Appeal reversed the juvenile court's adjudication and directed that on remand the prosecution was to "submit the extant provisions of the previously offered plea bargain . . . to the juvenile court for its approval, unless the prosecution within 30 days elects to readjudicate Alonzo and resume the plea negotiation process."

## II

Rule 5.778 provides, in subdivision (d), that "[c]ounsel for the child must consent to the admission," and, in subdivision (e), that "[t]he child may enter a

7

plea of no contest to the allegations, subject to the approval of the court."[1]  Under

rule 5.778, may a child in a delinquency proceeding plead no contest without the

_____

**1**    In full, rule 5.778 provides (section references are to the Welf. & Inst. Code):

"**(a)  Petition read and explained (§ 700)**

"At the beginning of the jurisdiction hearing, the petition must be read to those present.  On request of the child, or the parent, guardian, or adult relative, the court must explain the meaning and contents of the petition, the nature of the hearing, the procedures of the hearing, and possible consequences.

"**(b)  Rights explained (§ 702.5)**

"After giving the advisement required by rule 5.534, the court must advise those present of each of the following rights of the child:

"(1)  The right to a hearing by the court on the issues raised by the petition;

"(2)  The right to assert the privilege against self-incrimination;

"(3)  The right to confront and to cross-examine any witness called to testify against the child; and

"(4)  The right to use the process of the court to compel the attendance of witnesses on the child's behalf.

"**(c)  Admission of allegations; prerequisites to acceptance**

"The court must then inquire whether the child intends to admit or deny the allegations of the petition.  If the child neither admits nor denies the allegations, the court must state on the record that the child does not admit the allegations.  If the child wishes to admit the allegations, the court must first find and state on the record that it is satisfied that the child understands the nature of the allegations and the direct consequences of the admission, and understands and waives the rights in (b).

"**(d)  Consent of counsel — child must admit**

"Counsel for the child must consent to the admission, which must be made by the child personally.

"**(e)  No contest**

"The child may enter a plea of no contest to the allegations, subject to the approval of the court.

"**(f)  Findings of the court (§ 702)**

"On an admission or plea of no contest, the court must make the following findings noted in the minutes of the court:

"(1)  Notice has been given as required by law;

"(2)  The birthdate and county of residence of the child;

"(3)  The child has knowingly and intelligently waived the right to a hearing on the issues by the court, the right to confront and cross-examine adverse

*(Footnote continued on next page.)*

consent of counsel? To answer that question, we must first interpret rule 5.778 to determine its meaning. If rule 5.778 is properly construed as authorizing a child's no contest plea without counsel's consent, then we must determine whether the rule, so construed, is constitutional.

We begin with interpreting rule 5.778. To determine the meaning of a court rule, we follow an approach similar to that used for construing a statute. (*Rossa v. D.L. Falk Construction, Inc.* (2012) 53 Cal.4th 387, 391.) Under that approach, "our primary objective is to determine the drafters' intent." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 125.) We first consider the rule's disputed language. In doing so, "[w]e do not examine that language in isolation, but in the context of the statutory [or rule] framework as a whole in order to determine its scope and purpose and to harmonize the various

---

*(Footnote continued from previous page.)*

witnesses and to use the process of the court to compel the attendance of witnesses on the child's behalf, and the right to assert the privilege against self-incrimination;

"(4) The child understands the nature of the conduct alleged in the petition and the possible consequences of an admission or plea of no contest;

"(5) The admission or plea of no contest is freely and voluntarily made;

"(6) There is a factual basis for the admission or plea of no contest;

"(7) Those allegations of the petition as admitted are true as alleged;

"(8) The child is described by section 601 or 602; and

"(9) In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or felony had the offense been committed by an adult. If any offense may be found to be either a felony or misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony. These determinations may be deferred until the disposition hearing.

"**(g) Disposition**

"After accepting an admission or plea of no contest, the court must proceed to disposition hearing under rules 5.782 and 5.785."

9

parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737; accord, *Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165; *In re Greg F.* (2012) 55 Cal.4th 393, 406.) "If the rule's language," when so viewed in context, "is clear and unambiguous, it governs." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902.) If the rule's language is ambiguous, "courts may consult appropriate extrinsic sources to clarify the drafters' intent." (*Ibid.*)

Before turning to rule 5.778's disputed counsel-consent language, we consider the nature and legal effect of admissions and no contest pleas in juvenile delinquency proceedings. The statutory provisions governing juvenile delinquency proceedings (Welf. & Inst. Code, § 602 et seq.) make no mention of no contest pleas. The California Rules of Court, although providing for no contest pleas in delinquency proceedings, do not define "plea of no contest," nor do they expressly state how a no contest plea differs from an admission.

In adult criminal proceedings in California state courts, the plea of nolo contendere[2] first received statutory recognition in 1963, when the Legislature amended Penal Code section 1016. (Stats. 1963, ch. 2128, § 1, p. 4418.) Regarding the effect of the plea, the statute then provided: "The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used

---

[2]    A law dictionary defines "nolo contendere" this way: "Latin phrase meaning 'I will not contest it'; a plea in a criminal case which has a similar legal effect as pleading guilty. [Citation.] Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though a fine or sentence may be imposed pursuant to it. [Citation.] The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same acts. . . ." (Black's Law Dict. (6th ed. 1990) p. 1048.)

against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (*Ibid.*)

In 1982, however, the Legislature rewrote the provision governing nolo contendere pleas to distinguish between pleas to crimes "punishable as felonies" and pleas to crimes not so punishable. (Stats. 1982, ch. 390, § 3, p. 1725.) The provision barring use of nolo contendere pleas as admissions in later civil proceedings was restricted to the latter category of crimes — that is, crimes *not* punishable as felonies. (*Ibid*.) The Legislature declared that the purpose of the limitation was "to assist the efforts of victims of crime to obtain compensation for their injuries from the criminals who inflicted those injuries." (Stats. 1982, ch. 390, § 1, p. 1725.) The Legislature expressly found that "permitting defendants in criminal cases to enter pleas of nolo contendere and thus avoid the use of the criminal conviction in a civil suit wherein the victim of the crime seeks to recover damages for injuries sustained by the criminal act runs counter to the interest of victims of crime." (*Ibid.*; see *Rusheen v. Drews* (2002) 99 Cal.App.4th 279, 286.)

In a delinquency proceeding, there is no basis to conclude that the legal effect of a no contest plea differs in any way from that of an admission.[3] Rule 5.778(g) provides that "[a]fter accepting an admission or plea of no contest, the court must proceed to disposition hearing under rules 5.782 and 5.785." Thus, both a no contest plea and an admission have the effect of establishing the truth of the petition's allegations, thereby dispensing with the need for a contested jurisdictional hearing.

Alonzo observes, correctly, that rule 5.778 expressly requires that counsel for the child consent to an admission of the allegations, but the rule contains no

---

[3] We are not here presented with any question concerning the effect of a no contest plea in a later civil proceeding, and we express no view on that point.

11

comparable express requirement that counsel for the child consent to a no contest plea. Alonzo invokes the principle of construction that if a statute contains a certain provision regarding one subject, that provision's omission in the same or another statute regarding a related subject is evidence of a different intent. (*People v. Licas* (2007) 41 Cal.4th 362, 367; *People v. Cottle* (2006) 39 Cal.4th 246, 254; *In re Young* (2004) 32 Cal.4th 900, 907; *Cumero v. Public Employment Relations Bd.* (1989) 49 Cal.3d 575, 596.) Applying that rule here, Alonzo urges us to conclude that rule 5.778's express inclusion of a counsel-consent requirement for admissions but not for no contest pleas means that counsel consent is not required for the latter form of plea.

The rule of construction that Alonzo relies on, although often helpful, will not be applied in the face of persuasive indicators of a contrary legislative intent. (*Silverbrand v. County of Los Angeles*, *supra*, 46 Cal.4th 106, 126.) Here, we find Alonzo's argument unpersuasive because it ignores the context in which the disputed counsel-consent language appears in rule 5.778.

Rule 5.778(c) provides that "*[i]f the child wishes to admit the allegations*," the juvenile court "must first find and state on the record that it is satisfied that the child understands the nature of the allegations and the direct consequences of the admission, and understands and waives the rights in (b)." (Italics added.) Rule 5.778(e), concerning no contest pleas, does not contain these requirements. Yet rule 5.778(f) requires the juvenile court to find and note in the minutes, *for both admissions and no contest pleas*, that the child understands the petition's allegations and the rights being waived. Because subdivision (f)'s notation requirement expressly applies to both admissions and no contest pleas, we may reasonably infer that subdivision (c)'s requirements likewise apply to both pleas. Therefore, rule 5.778 is most plausibly construed as imposing the same procedural

requirements, including the counsel-consent requirement, for admissions and no contest pleas.

The authors of a guide for California judges appear to have so construed rule 5.778, stating: "*With the consent of counsel*, the child may admit the allegations of the petition *or enter a plea of no contest* at the detention hearing." (Cal. Judges Benchguides, Benchguide 116, Juvenile Delinquency Initial or Detention Hearing (CJER 2011 rev.) § 116.28, p. 116-25, italics added; see also Cal. Judges Benchguides, Benchguide 118, Juvenile Delinquency Jurisdiction Hearing (CJER 2011 rev.) § 118.62, p. 118-38 [if a child at the jurisdiction hearing wants to "enter a plea of no contest or admission," the judge should ask, "Is this your personal decision?  Does counsel consent?"].)

Rule 5.778's history provides further support for this construction.  The first juvenile court rule to address no contest pleas was former rule 1354(f), which became effective on July 1, 1977.  It read: "In lieu of admitting the allegations of the petition, the minor may enter no contest concerning the truth of the allegations, subject to the approval of the court.  For purposes of these rules, the procedure for and legal effect of an entry of no contest shall be the same as that of an admission, but the entry of no contest may not be used against the minor as an admission in any other action or proceedings."  The rule's drafters provided this explanation: "In some courts, minors have been permitted to enter no contest regarding the truth of the allegations of the petition, analogous to the practice in adult court under Penal Code section 1016.  Subdivision (f) recognizes the existence of that practice."  (Advisory Com. com, reprinted at Deering's Ann. Codes, Rules of Court (1980 ed.) foll. rule 1354, p. 383.)

From this comment, we learn that former rule 1354(f)'s drafters included a provision for no contest pleas because "some courts" had permitted their use. Because other courts apparently had not permitted no contest pleas in juvenile

13

delinquency matters, the drafters made any such plea "subject to the approval of the court." (See Thompson, Cal. Juvenile Court Deskbook (CJER 3d ed. 1989) § 8.11, p. 117 [stating that whether no contest pleas should be allowed in delinquency cases was "long a matter over which opinions differed"].)

Rather than separately setting out the procedural requirements for a no contest plea, former rule 1354(f) provided that "the procedure for . . . an entry of no contest shall be the same as that of an admission . . . ." The procedure for entry of an admission was set forth in subdivisions (c) through (e) of former rule 1354.[4]

---

[4]    Former rule 1354 provided, in part:

"**(c)  [Admission of allegations; prerequisites to acceptance]**  The court shall then inquire whether the minor intends to admit or deny the truth of the allegations of the petition.  If the minor neither admits nor denies the truth of the allegations, the court shall indicate for the record that the minor does not admit the truth of the allegations.  Before accepting an admission by the minor that the allegations of the petition are true:

"(1)  The court shall first satisfy itself, and the minutes shall reflect, that the minor understands each of the trial rights enumerated in subdivision (a), the nature of the allegations and the direct consequences of a finding that the allegations are true, and that by admitting the truth of the allegations in the petition, the minor will be waiving those rights.

"(2)  If the minor is not represented by counsel, the court shall then inquire of the parents, guardian, or adult relative whether they understand each of the minor's rights and, whether they consent to the minor waiving those rights and admitting the truth of the allegations of the petition.

"(3)  If the minor is represented by counsel, no admission shall be accepted unless counsel consents to the minor's admission of the truth of the allegations of the petition.

"(4)  The court shall then satisfy itself that the minor is admitting the truth of the allegations of the petition because the minor did in fact commit the acts alleged, and the admission by the minor is voluntarily made.

"**(d)  [Minor must admit]**  An admission by the minor shall be made personally by the minor.

"**(e)  [Findings by court (§ 702)]**  If the court is satisfied that the admission should be received, the court shall then ask whether the minor admits or denies the

*(Footnote continued on next page.)*

14

Of significance here, subdivision (c)(3) required the consent of counsel for an admission. By stating that the procedure for a no contest plea would be the same as for an admission, former rule 1354(f) required the consent of the child's counsel for a no contest plea.

As part of a comprehensive revision of the juvenile court rules, the provisions governing admissions and no contest pleas were placed in former rule 1487, which became effective on January 1, 1991. Omitted at that time was the provision in former rule 1354(f) that the procedure for a no contest plea would be the same as for an admission. Although deletion of a provision in a statute or rule usually reflects a legislative intent to change the meaning of the statute or rule (*People v. Mendoza* (2000) 23 Cal.4th 896, 916), that statutory construction principle is inapplicable here. The Judicial Council advisory committee's report indicates that the juvenile court rules relating to delinquency proceedings were revised "to conform them to statutory and case law changes and to clarify

---

*(Footnote continued from previous page.)*

truth of the allegations in the petition. Upon admission, the court shall make findings as to each of the following, noted in the minutes of the court:
  "(1)  That notice has been given as required by law;
  "(2)  The birthdate and county of residence of the minor;
  "(3)  That the minor has knowingly and intelligently waived the right to a trial on the issues by the court, the right to remain silent, and the right to confront and cross-examine adverse witnesses and to use the process of the court to compel the attendance of witnesses on the minor's behalf;
  "(4)  That the minor understands the nature of the conduct alleged in the petition and the possible consequences of an admission;
  "(5)  That the admission by the minor is freely and voluntarily made;
  "(6)  That there is a factual basis for the minor's admission;
  "(7)  That the allegations of the petition as admitted are true as alleged; and
  "(8)  That the minor is a person described by section 601 or 602 of the Welfare and Institutions Code." (Deering's Ann. Codes, Rules, *supra*, rule 1354, at pp. 381-382.)

procedures." (Judicial Council of Cal., Rep. and Recommendations from the Advisory Com. on Juvenile Court Law (Oct. 28, 1990) p. 1.) From this statement, which indicates the absence of any intent to make substantive alterations not required by statutory or case law changes, we infer that the drafters of former rule 1487 intended to retain in that rule the requirement that the consent of the child's counsel is required for both an admission and a no contest plea.

During a major reorganization of the Rules of Court, former rule 1487 was renumbered rule 5.778 with nonsubstantive changes in wording ("shall" was replaced by "must"), effective January 1, 2007. As with former rule 1487, we conclude that rule 5.778 is most plausibly construed as requiring the child's counsel's consent for both an admission and a plea of no contest.

Construing rule 5.778 as requiring consent of the child's counsel for a no contest plea, as well as for an admission, not only is supported by the rule's history and its language, it also avoids serious doubts about the rule's constitutionality, as we explain.

The California Constitution gives the Judicial Council authority to "adopt rules for court administration, practice and procedure," but it specifies that "[t]he rules adopted shall not be inconsistent with statute." (Cal. Const., art. VI, § 6, subd. (d).) Thus, the Judicial Council "may not adopt rules that are inconsistent with the governing statutes." (*People v. Hall* (1994) 8 Cal.4th 950, 960.) In this context, a rule is inconsistent with a statute if it conflicts with either the statute's express language or its underlying legislative intent. (*In re Robin M.* (1978) 21 Cal.3d 337, 346; *Sino Century Development Limited v. Farley* (2012) 211 Cal.App.4th 688, 695; *Cooper v. Westbrook Torrey Hills* (2000) 81 Cal.App.4th 1294, 1298.)

Welfare and Institutions Code section 657's subdivision (b) states: "At the detention hearing, or any time thereafter, a minor who is alleged to come within

16

the provisions of Section 601 or 602, may, *with the consent of counsel*, admit in court the allegations of the petition and waive the jurisdictional hearing." (Italics added.) The statute does not mention no contest pleas. This statutory provision authorizing admissions in juvenile delinquency proceedings, and requiring counsel's consent, became part of the juvenile court law in 1971 by an amendment to Welfare and Institutions Code section 657. (Stats. 1971, ch. 1389, § 4, p. 2743.) Before that time, the juvenile court law had contained no provision for the accused child in a delinquency proceeding to enter any sort of plea either admitting or denying the petition's allegations. (See, e.g., Stats. 1961, ch. 1616, § 2, pp. 3478-3482.)[5]

According to a legislative committee bill analysis, the California State Bar was the source of this 1971 legislation authorizing admissions in juvenile delinquency cases. (Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1094 (1971 Reg. Sess.) p. 1.) The bill analysis stated that authorizing admissions "would allow the court and counsel to concentrate their efforts immediately on the dispositional aspects of the case in the event that the allegations in the petition are admitted" thereby resulting "in the saving of time, avoidance of confusion and minimization of the period of detention." (*Id.* at p. 2.) The bill analysis further

---

[5]    Even before the 1971 amendment of Welfare and Institutions Code section 657, however, some juvenile delinquency adjudications had been based on the child's admission of the truth of the allegations in open court. (See, e.g., *In re Michael M.* (1970) 11 Cal.App.3d 741 [reversing such an adjudication because the child, before the admission, did not expressly waive on the record his constitutional rights of confrontation and against self-incrimination]; *In re M.G.S.* (1968) 267 Cal.App.2d 329, 339 [holding that in juvenile delinquency proceeding, a child must personally admit allegation, admission by the child's counsel being insufficient to support an adjudication].)

17

explained:  "The rights of the minor are protected by the requirement of consent of counsel."  (*Ibid.*)

The legislative history thus establishes the legislative intent for the requirement of consent by counsel for admissions in juvenile delinquency proceedings:  to protect the accused child's rights.  Because a no contest plea and an admission have the same effect in juvenile delinquency proceedings — establishing the truth of the petition's allegations and dispensing with the contested jurisdictional adjudication — allowing the child to circumvent the counsel-consent requirement by entering a no contest plea rather than an admission would be inconsistent with that legislative intent.  We conclude, therefore, that rule 5.778 is properly construed as requiring the consent of the child's counsel for a no contest plea, just as for an admission of the petition's charging allegations.

Asserting that he has a constitutional right to decide whether to accept a prosecution plea offer, Alonzo argues that imposing a counsel-consent requirement on no contest pleas in juvenile delinquency proceedings violates that constitutional right.  Alonzo cites no authority establishing a child's constitutional right to plead no contest over an attorney's objection, however.  Although a child no doubt has "a constitutionally protected right to *participate in* the making of certain decisions which are fundamental to his or her defense" (*In re Alvernaz* (1992) 2 Cal.4th 924, 936, italics added), including the decision to accept or reject a plea offer, a child does not have an absolute right to accept a plea offer over the objection of the attorney appointed to protect the child's interests.  (Cf. *People v. Alfaro* (2007) 41 Cal.4th 1277, 1298-1301 [upholding Pen. Code, § 1018's counsel-consent requirement for guilty pleas in capital cases]; *People v. Snyder* (1989) 208 Cal.App.3d 1141, 1146-1147 [recognizing that an adult criminal

18

defendant does not have an absolute right to have guilty plea accepted by the court].)

Alonzo argues that an attorney representing an accused child in a juvenile delinquency proceeding should allow the child to decide whether to accept a plea offer, either by admitting the petition's charging allegations or by pleading no contest. The attorney's obligations, according to Alonzo, include investigating the circumstances of the alleged offense or offenses; explaining to the child the charges, the available evidence, the juvenile court procedures, and the child's due process rights; ensuring that the child understands each of these matters; and advising the child on the advantages and disadvantages of accepting any plea offer. Once the attorney has discharged these obligations, however, the accused child must, in Alonzo's view, be allowed to decide for himself or herself whether to accept a plea offer. In support of this proposition, Alonzo cites various practice guides for attorneys in juvenile delinquency matters. (E.g., Nat. Juvenile Defender Center, National Juvenile Defense Standards (2012) std. 4.9, p. 82 ["The ultimate decision of whether or not to plead guilty lies with the client."]; Calvin et al., Juvenile Defender Delinquency Notebook (Nat. Juvenile Defender Center 2d ed. 2006) p. 176 ["[N]o matter how strongly you feel in making a recommendation to your client, when she tells you she wants to enter a plea or continue to adjudication, you must abide by her decision."].)

The question before us here, however, is simply whether attorney consent is required for a no contest plea in a juvenile delinquency proceeding. We have concluded that it is required. Not before us are questions concerning how attorneys should exercise the authority to give or withhold that consent, and we express no view on those separate issues of attorney ethics.

19

**DISPOSITION**

The Court of Appeal's judgment is reversed.


KENNARD, J.

WE CONCUR:


CANTIL-SAKAUYE, C. J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** In re Alonzo J.
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 209 Cal.App.4th 1301
**Rehearing Granted**

_____

**Opinion No.** S206720
**Date Filed:** April 3, 2014
_____

**Court:** Superior
**County:** Sacramento
**Judge:** Robert M. Twiss

_____

**Counsel:**

Joanne Kirchner, under appointment by the Supreme Court, for Defendant and Appellant.

Jonathan Grossman for Pacific Juvenile Defender Center as Amicus Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

Paulino G. Durán, Public Defender (Sacramento) and Arthur L. Bowie, Assistant Public Defender, for Office of the Public Defender for Sacramento County as Amicus Curiae on behalf of Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Joanne Kirchner
Central California Appellate Program
2407 J Street, Suite 301
Sacramento, CA  95816
(916) 441-3792

Jeffrey A. White
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 324-5158