Filed 11/21/16

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADAM LEE GUERRA,<br><br>    Defendant and Appellant. | F071164<br><br>(Super. Ct. Nos. BM835622A & AP002975A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County. John R. Brownlee, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey Grant, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*      Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.

**INTRODUCTION**

At approximately 10:30 p.m. on January 22, 2014, defendant Adam Lee Guerra was driving on the highway in a car with an expired registration tag.[1] A California Highway Patrol officer following behind defendant observed the expired registration tag, verified the registration was expired through his computer, and pulled defendant over. The car had dirty, darkly tinted windows, and after the officer got out of his patrol car to approach the vehicle, he spotted a piece of paper, or "decal," affixed to the left rear windshield.[2] The officer subsequently confirmed the paper was a valid temporary permit allowing the car to be driven lawfully despite the expired license plate tag. Defendant was arrested, however, and charged with three misdemeanors: driving under the influence of alcohol (Veh. Code, § 23152, subd. (a));[3] driving with a blood-alcohol level of 0.08 percent or greater (Veh. Code, § 23152, subd. (b)); and driving on a suspended or revoked license (Veh. Code, § 14601.5, subd. (a)).

Prior to trial, defendant brought a motion to suppress evidence pursuant to Penal Code section 1538.5, subdivision (a)(1),[4] on the ground that his detention violated his rights under the Fourth Amendment of the United States Constitution. The trial court granted the motion and pursuant to section 1538.5, subdivision (j), the People filed an appeal with the Appellate Division of the Kern County Superior Court (appellate

---

[1] Given the procedural posture of the case at the time of appeal, we are confined to summarizing the background facts from the arresting officer's testimony, which was given at the hearing on defendant's motion to suppress evidence. (Pen. Code, § 1538.5, subd. (a)(1).)

[2] The officer testified the paper should have been placed on the right side of the rear windshield.

[3] Vehicle Code section 23152 has been amended in nonrelevant part. (Assem. Bill No. 2687 (2015-2016 Reg. Sess.) § 1; see Assem. Com. On Public Safety, analysis of Assem. Bill No. 2687 (2015-2016 Reg. Sess.) Apr. 18, 2016 [proposed amendment; "Conforms prohibitions and punishments for drivers that have passengers for hire when they commit specified offenses related to Driving Under the Influence (DUI) to ensure consistent treatment with commercial drivers."].)

[4] All further statutory references are to the Penal Code unless otherwise specified.

2.

division).  The appellate division summarily reversed the trial court's ruling in a minute order and defendant then filed an application to certify the matter for transfer to the appellate court, pursuant to the California Rules of Court, rule 8.1005(b).[5]  After the application was denied by operation of law (rule 8.1005(b)(5)), defendant filed a petition for transfer with this court (rule 8.1006(a)).

Following review, defendant's petition was granted and the parties were directed to brief four issues:  the appealability of the trial court's order granting defendant's motion to suppress, the effect of the appellate division's order reversing the trial court without opinion or statement of reasons, whether the parties limited the scope of the motion to suppress by stipulation, and the validity of defendant's detention by the officer.

We find the People had the right to appeal the trial court's ruling on defendant's motion to suppress pursuant to section 1538.5, subdivision (j).  Further, in an issue of first impression, we find (1) the appellate division was required by Code of Civil Procedure section 77, subdivision (d), to issue a brief statement of the reasons for its judgment and (2) this statutory requirement does not conflict with rule 8.887(a), which relieves appellate divisions from having to issue written opinions.  Given these findings, we remand this case to the appellate division to issue an amended order that complies with Code of Civil Procedure section 77, subdivision (d).  In light of this disposition, we do not reach the remaining issues relating to the merits of defendant's motion to suppress.

---

[5]    All further references to rules are to the California Rules of Court unless otherwise specified.

    "The appellate division may certify a case for transfer to the Court of Appeal on its own motion or on a party's application if it determines that transfer is necessary to secure uniformity of decision or to settle an important question of law."  (Rule 8.1005(a)(1).)

**DISCUSSION**

**I.      Right to Appeal Ruling on Suppression Motion**[*]

Defendant argues the People's appeal of the trial court's order granting his motion to suppress was unauthorized because the case had not been dismissed and the appellate division therefore lacked jurisdiction.  We reject this position as directly contradicted by section 1538.5, subdivision (j), and cases from the California Supreme Court and Courts of Appeal.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  In misdemeanor cases such as this, section 1538.5, subdivision (j), unequivocally provides both parties the right to appeal. The statue provides, "If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the superior court prior to trial, *both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the appellate division*, in accordance with the California Rules of Court provisions governing appeals to the appellate division in criminal cases."  (§ 1538.5, subd. (j), italics added.) Moreover, numerous California courts have long recognized the statutory right of either party to appeal in misdemeanor cases.  (*People v. Laiwa* (1983) 34 Cal.3d 711, 717; *People v. Horvath* (1982) 127 Cal.App.3d 398, 401, fn. 5; *Cash v. Superior Court* (1973) 35 Cal.App.3d 226, 229; *People v. Gallagher* (2009) 171 Cal.App.4th Supp. 1, 4–5.)

Although the People cited the relevant statutory provision in their notice of appeal to the appellate division, defendant relied on *People v. Superior Court (Abrahms)* (1976) 55 Cal.App.3d 759 (*Abrahms*) in his application seeking certification for transfer filed in the appellate division and in his petition for transfer filed in this court.  The statutory

---

[*]      See footnote, *ante*, page 1.

4.

entitlement to appeal relevant to this case was not at issue in *Abrahms*, however, as the offense charged in that case was not a misdemeanor under the statute in effect at the time (§ 476a). (*Abrahms*, *supra*, at pp. 761–763.) The Court of Appeal concluded that pursuant to section 1538.5, subdivision (*o*), the People's petition for writ of mandate was proper and the lower court acted in excess of its jurisdiction when, after the petition was timely filed, it dismissed the case.[6] (*Abrahms*, *supra*, at pp. 766, 769.) The decision in *Abrahms* offers no support for defendant's position that the appellate division lacked jurisdiction over the People's appeal in this misdemeanor case pursuant to subdivision (j) of section 1538.5.[7]

On appeal, defendant relies on *Macias v. Municipal Court* (1975) 49 Cal.App.3d 259 (*Macias*). The decision in *Macias*, however, does not support defendant's position. In that case, the Court of Appeal addressed the propriety of the defendant's petition for writ of mandate, filed by the defendant in a misdemeanor case after the municipal court denied his motion to suppress. (*Id.* at pp. 260–261.) The court concluded that an appeal was the defendant's only recourse and the superior court lacked the jurisdiction to consider a petition for writ of mandate. (*Id.* at p. 261.) The court expressly recognized that section 1538.5, subdivision (j), provided both parties the right to appeal an adverse

---

[6] The court observed, "[I]f the court, at the same time it grants defendant's motion to suppress, dismisses the case pursuant to section 1385, the People may not file a writ, but must appeal pursuant to … section 1238, subdivision (a)(7). If the court grants defendant's motion, but at that time does not dismiss pursuant to section 1385, the People may, by way of the expedited writ procedure set forth in section 1538.5, subdivision (*o*), seek appellate review, and the case is stayed pending the termination of such proceedings. In this way, a streamlined, orderly method of appellate review is facilitated. Accordingly, we find the lower court to have acted in excess of its jurisdiction in dismissing the action [after the People timely filed a writ]." (*Abrahms*, *supra*, 55 Cal.App.3d at p. 769.)

[7] Defendant also cited to *People v. Superior Court* (1972) 28 Cal.App.3d 600. That case, too, is procedurally distinguishable. The Court of Appeal was addressing the propriety of the People's appeal of an order made after judgment and, citing section 1238, it found the order "did not affect the 'substantial rights of the People' with respect to the judgment in the criminal action." (*People v. Superior Court*, *supra*, at p. 621.) Section 1238 does not apply here, as the case has not been dismissed.

ruling on a suppression motion and, in describing an appeal as the defendant's only method of relief, the court was focused not on any limitation of relief based on party status but on the proper procedural mechanism available to a party seeking to challenge an adverse ruling in a misdemeanor case. (*Macias*, *supra*, at p. 261.)

Accordingly, we find the People were entitled to appeal the trial court's order granting defendant's motion to suppress evidence under section 1538.5, subdivision (j), and defendant's argument to the contrary lacks merit. As discussed in part II., the appellate division was required to issue a brief statement explaining its judgment. (Code Civ. Proc., § 77, subd. (d).) Had it done so, it presumably would have swiftly resolved defendant's jurisdictional challenge to the People's appeal.

## II.	Appellate Division's Failure to Issue Statement of Reasons for Ruling

Defendant argues the appellate division erred when it failed to include a statement of its reasons for reversing the trial court with its judgment, as required by Code of Civil Procedure section 77, subdivision (d). The People agree the statute required the appellate division to issue a brief statement of reasons for the judgment. In addition, both parties identify a potential conflict between the statute and rule 8.887(a).

### A.	Statutory Requirement

Code of Civil Procedure section 77 concerns appellate divisions of superior courts. Effective January 1, 2015, section 77, subdivision (d), of the Code of Civil Procedure was amended to add the following requirement: "A judgment of the appellate division in an appeal shall contain a brief statement of the reasons for the judgment. A judgment stating only 'affirmed' or 'reversed' is insufficient."[8] Shortly thereafter, in February 2015, the

---

[8]	Code of Civil Procedure section 77, subdivision (c), was amended effective June 27, 2016, to substitute "Department of General Services" for "California Victim Compensation and Government Claims Board." (Stats. 2016, ch. 31, § 10; Sen. Bill No. 836 (2015-2016 Reg. Sess.) §§ 10, 290.)

appellate division issued a minute order reversing the trial court's order granting defendant's motion to suppress, without providing any statement of reasons.

"If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272; *In re Gilbert R.* (2012) 211 Cal.App.4th 514, 519.) The order, stating only that the trial court's judgment was reversed, violated the plain language of Code of Civil Procedure section 77, subdivision (d). There is no dispute between the parties on this point and we can discern no basis for a legitimate argument to the contrary. (See *In re Gilbert R.*, *supra*, at p. 519 [finding statutory definition and exempting language "quite clear"].)

Our task, then, is to determine whether there is a conflict between the statutory requirement that the appellate division's judgment be accompanied by a brief statement of reasons and rule 8.887(a), which provides, "Appellate division judges are not required to prepare a written opinion in any case but may do so when they deem it advisable or in the public interest.…" In what appears to be an issue of first impression, we conclude there is no conflict.

### B.       Brief Statement of Reasons Versus Written Opinion

Questions of statutory interpretation are reviewed de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95; *James v. State of California* (2014) 229 Cal.App.4th 130, 136.)

"Rules promulgated by the Judicial Council may not conflict with governing statutes. [Citation.] If a rule is inconsistent with a statute, the statute controls." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532; *In re Richard S.* (1991) 54 Cal.3d 857, 863.) "In this context, a rule is inconsistent with a statute if it conflicts with either the statute's express language or its underlying legislative intent." (*In re Alonzo J.* (2014) 58 Cal.4th 924, 937.)

The well-settled rules of statutory construction also apply to the California Rules of Court. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902; *In re Travis J.* (2013) 222 Cal.App.4th 187, 196; *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, 56.) "'Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]' [Citation.] We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. [Citation.] If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views. [Citation.] We also strive to avoid construing ambiguous statutes in a manner that creates doubts as to their validity." (*John v. Superior Court*, *supra*, 63 Cal.4th at pp. 95–96; *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992; *In re Alonzo J.*, *supra*, 58 Cal.4th at p. 933; *Thiara v. Pacific Coast Khalsa Diwan Society*, *supra*, at pp. 56–57.)

In our view, a "written opinion" (rule 8.887(a)) generally connotes something more than "a brief statement of the reasons for the judgment" (Code Civ. Proc., § 77, subd. (d)). Written opinions and judgments are both terms of art. In the legal context, Black's Law Dictionary (9th ed. 2009) at page 1201 defines an opinion as "[a] court's written statement explaining its decision in a given case, usu. including the statement of facts, points of law, rationale, and dicta." (See *Ross v. Blake* (2016) __ U.S. __, __ [136 S.Ct. 1850, 1858–1859] [considering ordinary meaning of statutory language by reference to dictionaries]; see *People v. Castillolopez* (2016) 63 Cal.4th 322, 327 [same]; see also *People v. Casarez* (2012) 203 Cal.App.4th 1173, 1184–1185 [same].) Webster's New World Dictionary (2d college ed. 1982) at page 997 defines an opinion in law as "the formal statement by a judge, court referee, etc. of the law bearing on a case." In contrast, a judgment is defined as "[a] court's final determination of the rights and obligations of the parties in a case" (Black's Law Dict., *supra*, at p. 918), or "a legal

decision; order, decree, or sentence given by a judge or law court" (Webster's New World Dict., *supra*, at p. 763).

A distinction between a summary order or judgment and a written opinion has long been recognized under the law.  (See *Johnson v. Williams* (2013) __ U.S. __, __ [133 S.Ct. 1088, 1095–1096]; *People v. Kelly* (2006) 40 Cal.4th 106, 117 (*Kelly*); *In re Rose* (2000) 22 Cal.4th 430, 436; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 414–415.)  The California Constitution provides that "[d]ecisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated."  (Cal. Const., art. VI, § 14; *Kelly*, *supra*, at p. 109.)  In determining whether judgment in a *Wende*[9] appeal disposed of a "cause" (*Kelly*, *supra*, at p. 109) and, therefore, required a written opinion under this constitutional provision, the California Supreme Court observed that "the requirement of a written opinion promotes a careful examination of the facts and the legal issues, and a result supported by law and reason" (*id.* at p. 117).  The court then held that *Wende* appeals must be resolved in a written opinion that "describes the contentions personally raised by the defendant and the reasons those contentions fail," "a brief description of the underlying facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed," along with "any further information [courts] deem appropriate."  (*Kelly*, *supra*, at p. 124.)

Recognizing the distinction between a "written opinion" as set forth in rule 8.887, and "[a] judgment … contain[ing] a brief statement of the reasons for the judgment" as set forth in Code of Civil Procedure section 77, subdivision (d), also comports with legislative intent.  The statutory amendment, which was unopposed, was authored and sponsored by the Conference of California Bar Associations because "[e]xisiting statutory law says very little about how the appellate division should operate," and its orders "too often … leave[] litigants with little understanding of why they won or lost

---

**9**      *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

their case." (Assem. Com. on Judiciary, analysis of Assem. Bill No. 1932 (2013-2014 Reg. Sess.) Mar. 28, 2014, p. 1.) Subsequent analysis specified more precisely that the amendment was proposed to "improve the public's understanding of decisions by the appellate divisions of superior courts" through the preclusion of one word affirmances or reversals, which were contributing to the public's lack of confidence in those decisions and to confusion resulting from the lack of any explanation. (Sen. Com. on Judiciary, com. on Assem. Bill No. 1932 (2013-2014 Reg. Sess.) June 19, 2014, p. 2.) Per the analyses, "[t]he issuance of one-word decisions by appellate divisions does not inspire confidence in these appeals because the litigants, a significant number of whom are self-represented, have no idea how or why the appellate division reached its decision. Decisions without explanation tend to make these litigants believe the court did not give them due consideration because of their self-represented status. While the appeals in question don't necessarily involve the most serious of cases, they do have considerable implications for the individuals involved." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Assem. Bill No. 1932 (2013-2014 Reg. Sess.) June 12, 2014, p. 2; Sen. Com. on Judiciary, com. on Assem. Bill No. 1932 (2013-2014 Reg. Sess.) June 19, 2014, p. 2.)

A potential concern was an increased burden on the courts, and the proposed amendment sought to impose only a minimal explanation requirement. (Assem. Com. on Judiciary, analysis of Assem. Bill No. 1932 (2013-2014 Reg. Sess.) Mar. 28, 2014, p. 2.) Examples of what would suffice as a brief explanation of a ruling were presented in the form of tentative rulings between two and eight sentences in length, most of which were two sentences and none of which was more than one paragraph. (*Ibid.*) The bill's sponsor and author explained that "the value of any minimal additional time or effort expended in providing even a cursory explanation of [the] decision should be more than offset by enhanced public respect for the courts," and "however minimal," the inclusion of additional information would benefit all litigants. (*Ibid.*)

10.

Although the legislative history contains no discussion of the term "judgment" versus the term "written opinion," the Legislature was aware of a potential for conflict between the proposed statutory amendment and rule 8.887(a), and the possibility that the rule might require amendment. Given this awareness and the focus on keeping the explanation minimal, recognizing a distinction between "a brief statement of the reasons for the judgment" (Code Civ. Proc., § 77, subd. (d)) and "written opinion" (rule 8.887(a)) permits harmonization of the statutory requirement and the rule of court while maintaining consistency with the plain language of the statute and comporting with legislative intent.

We therefore conclude the statutory requirement of a brief statement of reasons in support of a judgment does not conflict with rule 8.887(a)), relieving appellate divisions of having to issue written opinions in cases.[10]

---

[10]  Appellate divisions may, of course, continue to elect to issue written opinions "when they deem it advisable or in the public interest." (Rule 8.887(a).)

## DISPOSITION

In light of its failure to comply with Code of Civil Procedure section 77, subdivision (d), we remand this matter to the appellate division of the trial court to issue a new order that shall include a brief statement of reasons for its ruling on the issues presented to it by the parties.  Given this disposition, we need not reach the remaining issues briefed by the parties on this appeal.

_____

KANE, J.

WE CONCUR:


_____

LEVY, Acting P.J.


_____

DETJEN, J.