Filed 3/22/21  In re S.P. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re S.P., a Person Coming Under the Juvenile Court Law. | |
| LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.N.,<br><br>    Defendant and Appellant. | A160631<br><br>(Lake County<br>Super. Ct. No. JV320539) |

At a family maintenance review hearing in this dependency, the juvenile court ordered the minor, S.P., placed with his father and family enhancement services for his mother, appellant A.N. (mother).  Mother argues that a supplemental petition under Welfare and Institutions Code section 387[1] was required to effect this change in placement and that her right to due process was violated at the hearing.  We affirm.

**BACKGROUND**

On August 9, 2018, the Lake County Department of Social Services (Department) initiated these dependency proceedings with respect to then 19-

_____

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

month-old S.P. by filing a petition in the juvenile court pursuant to section 300, subdivisions (a), (b)(1) and (g).  The petition alleged that mother had untreated mental health issues and a history of engaging in domestic violence with S.P.'s father.

On November 18, 2019, at a 12-month-review hearing, the juvenile court ordered S.P. returned to his parents' care under a plan of family maintenance.

On February 27, 2020, the Department filed a Request To Change Court Order pursuant to section 388, alleging that on February 2, a domestic violence incident took place between the parents with S.P. present, precipitated by mother's non-compliance with her mental health therapy and medication.  The request indicated that S.P. had been temporarily placed with his maternal grandmother, that father moved in with his sister and brother-in-law, and that S.P. then went to live with him.  The Department asked the juvenile court to terminate maintenance services for mother and instead offer her enhancement services, while continuing family maintenance services for father.  Because the Department sought the same relief at an upcoming family maintenance review hearing, i.e., family maintenance services for father and enhancement services for mother, the Department later withdrew its section 388 petition.

The family maintenance review hearing ultimately took place on July 1.  At the hearing, mother's counsel argued that switching mother from maintenance to enhancement services would amount to a detention such that the Department was required to file a supplemental petition pursuant to section 387.  After hearing argument, the juvenile court rejected this argument, concluding that "the father has the child, so it's not a custody—it's not a detention."  The juvenile court then ordered enhancement services for

2

mother and maintenance services for father, as recommended by the Department.

Mother appeals.

## DISCUSSION

Section 387 provides: "An order changing or modifying a previous order by removing a child from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private or county institution, shall be made only after noticed hearing upon a supplemental petition." And California Rules of Court, rule 5.560(c) (rule 5.560(c)) provides: "A supplemental petition must be used if petitioner concludes that a previous disposition has not been effective in the protection of a child declared a dependent under section 300 and seeks a more restrictive level of physical custody. For purposes of this chapter, a more restrictive level of custody, in ascending order, is [¶] (1) Placement in the home of the person entitled to legal custody; (2) Placement in the home of a noncustodial parent; (3) Placement in the home of a relative or friend; (4) Placement in a foster home; or (5) Commitment to a private institution."

"Where the facts are undisputed and the sole question before us is one of statutory interpretation, we apply a de novo standard of review. (*Wolf* [*v. Appellate Division of Superior Court* (2019)] 38 Cal.App.5th [699,] 702; *People v. Guerra* (2016) 5 Cal.App.5th 961, 966.) 'In interpreting the language of the [Rules of Court], we apply traditional rules of statutory interpretation. [Citations.] . . . [T]he primary goal when interpreting a statute or rule is to determine the drafters' intent in order to give effect to the rule's purpose. [Citation.]' (*Harris* [*v. Appellate Division of Superior Court* (2017)] 14 Cal.App.5th [142,] 148.) 'In the first step of the interpretive process we look to the words of the statute themselves. . . . If the statutory

3

language is clear and unambiguous, our task is at an end, for there is no need for judicial construction.' (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082–1083.)" (*Webster v. Appellate Division of Superior Court* (2020) 51 Cal.App.5th 676, 679–680.)

Mother argues that the Department was required to file a supplemental petition under section 387 and rule 5.560(c) because "the Department sought a more restrictive placement:  the home of the person entitled to legal custody, and/or the home of a relative," i.e., S.P.'s paternal aunt.  Mother does not cite any authority for this proposition, nor does she engage in any analysis of the text of rule 5.560(c).

We do not agree that the Department sought or was granted a more restrictive placement at the July 1 hearing according to the plain text of section 387 or rule 5.560(c).  Certainly the juvenile court did not order "placement in a foster home or commitment to a private or county institution."  (§ 387.)  Nor was placement ordered "in the home of a relative" within the meaning of rule 5.560(c).  Before the July 1 hearing, the court's placement order indicated, by checking the corresponding boxes on a Judicial Council Form, that "[t]he child is placed, effective immediately, in the care and custody of" both mother and "presumed father."  The court's order after the July 1 hearing used the same form and checked only the box for "presumed father."  The juvenile court made no mention of the paternal aunt at the hearing.  The Department's status report noted that father was living with his sister, and found that father "is in a stable home environment where he provides [S.P.] with consistency."  In short, the Department sought, and the juvenile court granted, placement with father—not placement in the home of a relative.  And both before and after the hearing, S.P. was placed in the "home of the person entitled to legal custody"—the least restrictive level

4

of physical custody under rule 5.560(c).  A supplemental petition under section 387 was not required.

Mother also argues that her right to due process was violated because she did not have the opportunity to cross-examine witnesses and to present evidence at the July 1 hearing.  But the Department did not call any witnesses for mother's counsel to cross-examine, and mother did not ask to call any of her own witnesses or to introduce any evidence.  In fact, at the beginning of the hearing, the juvenile court asked whether the parties wished to present "[a]ny other evidence or comment," and mother's counsel replied "Argument, Your Honor."  Mother has not demonstrated any due process violation.

## DISPOSITION

The juvenile court's order is affirmed.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Stewart, J.

*In re S.P.* (A160631)