# IN THE SUPREME COURT OF CALIFORNIA

In re E.F., a Person Coming Under the Juvenile Court Law.

---

THE PEOPLE,

Plaintiff and Respondent,

v.

E.F.,

Defendant and Appellant.

S260839

Second Appellate District, Division Two
B295755 and B297079

Los Angeles County Superior Court
PJ53161

---

April 19, 2021

Justice Liu authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Cuéllar, Kruger, Groban and Jenkins concurred.

---

In re E.F.
S260839

Opinion of the Court by Liu, J.

When a minor is the subject of a juvenile wardship petition, the juvenile court may, "upon application in the manner provided by Section 527 of the Code of Civil Procedure," issue ex parte orders enjoining the minor from "contacting, threatening, stalking, or disturbing the peace of any person the court finds to be at risk from the conduct of the child, or with whom association would be detrimental to the child." (Welf. & Inst. Code, § 213.5, subd. (b); all undesignated statutory references are to the Welfare and Institutions Code.) The Courts of Appeal have divided on whether the juvenile court may issue a temporary restraining order (TRO) pursuant to this statute without advance notice to the minor.

We hold that section 213.5, subdivision (b) incorporates the notice requirements set forth in Code of Civil Procedure section 527, subdivision (c). By the terms of that provision, "[n]o temporary restraining order shall be granted without notice" (Code Civ. Proc., § 527, subd. (c)) to the minor unless the prosecutor (1) shows that "great or irreparable injury will result" before the matter can be heard with proper notice (*id.*, subd. (c)(1)) and (2) previously informed the minor of the time and place that the application will be made, made a good faith attempt but was unable to so inform the minor, or provides specific reasons why the prosecutor should not be required to so inform the minor (*id.*, subd. (c)(2)). Where the prosecutor has not given advance notice and has not made an adequate showing to justify the lack of notice, the court must give sufficient time

1

for counsel and the minor to prepare and respond to the application before any order is issued.

## I.

In December 2018, E.F. and L.S. were ninth graders enrolled in the same high school art class. At school on December 7, E.F. offered L.S. a microwaved cup of noodles. When L.S. went to drink the broth, he smelled bleach and threw the cup out. One week later, a school official contacted officers from the Los Angeles School Police Department and recounted a report of the incident from an anonymous student. E.F. was arrested but not detained. In late January 2019, the district attorney filed a delinquency petition under section 602 alleging that E.F. had committed the crime of poisoning, a felony. (Pen. Code, § 347, subd. (a).) E.F. had no prior history of arrest or involvement with the juvenile court.

In February 2019, E.F. made her first appearance in juvenile court. Appearing with counsel for arraignment, E.F. denied the allegations. The prosecutor asked the court to issue a TRO enjoining E.F. from having any contact with L.S. E.F. objected on the ground that the application did not meet the procedural requirements set forth in Code of Civil Procedure section 527. Specifically, she asserted that the application was not filed with advance notice to her, nor was it accompanied by an affidavit or verified complaint to establish that great or irreparable injury will result to the applicant before the matter could be heard with notice. The prosecutor acknowledged that no notice was provided before the hearing and explained that he did not know who was assigned to defend E.F. before the case was called. He added that "any allegation that [the prosecutor] didn't inform [counsel for E.F.] in time" was due in part to the

deputy public defender's failure to check in with the prosecutor sooner. The prosecutor did not have a copy of the application to share with E.F. or her counsel at the hearing, and the court called a recess to allow time to make copies. Nor did the prosecutor provide an affidavit or verified complaint in support of the TRO request; he instead referred to the police report attached to the petition to recount the facts of the December 2018 incident. The juvenile court overruled E.F.'s objection, finding "substantial compliance," and issued a TRO prohibiting E.F. from contacting L.S. and requiring her to stay at least 100 yards from him.

E.F. appealed the TRO. While that appeal was pending, the juvenile court held an evidentiary hearing and granted the prosecutor's application for a three-year restraining order on the same basis and terms as the TRO. E.F. filed a second notice of appeal, this time challenging the three-year restraining order.

The two appeals were consolidated, with E.F. arguing, as relevant here, that the TRO was procedurally defective and thus invalid. The Court of Appeal disagreed, holding that section 213.5, subdivision (b) provides for the issuance of an ex parte TRO and that section 213.5, subdivision (c) expressly provides for a TRO effective up to 21 or 25 days to be " 'granted without notice,' " notwithstanding the notice requirements of Code of Civil Procedure section 527. (*In re E.F.* (2020) 45 Cal.App.5th 216, 220.) The Court of Appeal disagreed with *In re L.W.* (2020) 44 Cal.App.5th 44, 49–51, which held that a TRO application under section 213.5, subdivision (b) must comply with the notice requirements of Code of Civil Procedure section 527.

We granted review to resolve this conflict. Although E.F.'s appeal of the TRO was rendered moot by the juvenile court's

subsequent order granting a three-year restraining order, the limited duration of a TRO in this context calls for the exercise of our discretion to resolve an issue that is " ' "capable of repetition, yet evading review." ' " (*United Farm Workers v. Superior Court of Santa Cruz County* (1975) 14 Cal.3d 902, 907.)

## II.

The question presented is one of statutory interpretation and is thus subject to de novo review. (*Christensen v. Lightbourne* (2019) 7 Cal.5th 761, 771.)

Section 213.5, subdivision (b) provides in relevant part: "After a petition has been filed pursuant to Section 601 or 602 to declare a child a ward of the juvenile court, and until the time that the petition is dismissed or wardship is terminated, upon application in the manner provided by Section 527 of the Code of Civil Procedure . . . , the juvenile court may issue ex parte orders . . . enjoining the child from contacting, threatening, stalking, or disturbing the peace of any person the court finds to be at risk from the conduct of the child, or with whom association would be detrimental to the child."

Section 213.5 goes on to provide a process that applies when a TRO is issued without notice: "If a temporary restraining order is granted without notice, the matter shall be made returnable on an order requiring cause to be shown why the order should not be granted, on the earliest day that the business of the court will permit, but not later than 21 days or, if good cause appears to the court, 25 days from the date the temporary restraining order is granted. The court may, on the motion of the person seeking the restraining order, or on its own motion, shorten the time for the service of the order to show cause on the person to be restrained." (*Id.*, subd. (c)(1).) In the

alternative, or following the expiration of a TRO granted without notice, the juvenile court may, upon notice and hearing, issue a restraining order that may "remain in effect, in the discretion of the court, no more than three years, unless otherwise terminated by the court, extended by mutual consent of all parties to the restraining order, or extended by further order of the court on the motion of any party to the restraining order." (*Id.*, subd. (d)(1).)

By its terms, section 213.5, subdivision (b) says that a court may issue an ex parte order for injunctive relief "upon application in the manner provided by Section 527 of the Code of Civil Procedure." Code of Civil Procedure section 527 states in relevant part: "No temporary restraining order shall be granted without notice to the opposing party, unless both of the following requirements are satisfied: [¶] (1) It appears from facts shown by affidavit or by the verified complaint that great or irreparable injury will result to the applicant before the matter can be heard on notice. [¶] (2) The applicant or the applicant's attorney certifies one of the following to the court under oath: [¶] (A) That within a reasonable time prior to the application the applicant informed the opposing party or the opposing party's attorney at what time and where the application would be made. [¶] (B) That the applicant in good faith attempted but was unable to inform the opposing party and the opposing party's attorney, specifying the efforts made to contact them. [¶] (C) That for reasons specified the applicant should not be required to so inform the opposing party or the opposing party's attorney." (*Id.,* subd. (c).)

The district attorney contends, as the Court of Appeal held below, that section 213.5, subdivision (c)(1)'s reference to a TRO "granted without notice" suggests that notice and a hearing are

5

required only for a restraining order extending beyond the 21 or 25 days provided for in that subdivision. According to the district attorney, it is the absence of notice and a formal hearing that differentiates the process for issuing a 21- or 25-day TRO from the process for issuing a restraining order of longer duration. Echoing the Court of Appeal, the district attorney reads section 213.5 as distinguishing between a TRO "granted without notice" (§ 213.5, subd. (c)(1)) and a longer-term restraining order granted "upon notice and a hearing" (*id.*, subd. (d)(1)).

But this reading confuses the process for obtaining a TRO, which is set forth in subdivision (b) of section 213.5, with the process set forth in subdivision (c) that follows "[i]f a temporary restraining order is granted without notice" (*id.*, subd. (c)(1)). In specifying what happens *if* a TRO is granted without notice, subdivision (c) says nothing about what procedures must be followed before a TRO may be granted without notice. That issue is addressed by subdivision (b), which says the court may issue an ex parte order "upon application in the manner provided by Section 527 of the Code of Civil Procedure."

The district attorney, like the court below, contends that requiring the applicant to comply with the notice requirements of Code of Civil Procedure section 527 would conflict with or render superfluous section 213.5, subdivision (c)(1)'s language that TROs may be " 'granted without notice.' " (See *In re E.F.*, *supra*, 45 Cal.App.5th at p. 221.) But section 213.5, subdivision (c)(1)'s recognition that TROs may be "granted without notice" is not itself an authorization for courts to grant TROs without notice. Section 213.5, subdivision (c)(1) sets forth the procedure to be followed *in the event that* a court grants a TRO without notice, whereas section 213.5, subdivision (b) makes clear that

an application for a TRO must proceed "in the manner provided by Section 527 of the Code of Civil Procedure," which authorizes a TRO without notice only under certain conditions (Code Civ. Proc., § 527, subd. (c)(1), (2)). There is no conflict or surplusage.

The district attorney further argues that even if notice is required, courtroom notice — in other words, notice first provided at the hearing itself — suffices to satisfy the relevant statutes. Courts have rejected this position, explaining that "[w]hile the specific amount of time necessary to satisfy the 'notice' requirement is not delineated in section 213.5, more than courtroom notice is required." (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 245; see *In re L.W.* (2020) 44 Cal.App.5th 44, 51; cf. *Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 965 [requiring notice in advance of hearing for criminal protective order]; Cal. Rules of Court, rule 3.1203(a) ["A party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance, absent a showing of exceptional circumstances that justify a shorter time for notice."].) We agree with these courts that under the statutory scheme, courtroom notice is not enough to avoid the affidavit requirement specified by Code of Civil Procedure section 527, subdivision (c).

The Court of Appeal suggested that "TROs do not need advance notice because they are typically issued under more emergency circumstances, while longer lasting restraining orders do need advance notice because they are typically issued under less pressing circumstances (usually because a TRO is already in place)." (*In re E.F.*, *supra*, 45 Cal.App.5th at p. 221.) But Code of Civil Procedure section 527, subdivision (c) makes clear that advance notice or a showing of justification for lack of such notice is required for issuance of a TRO. The limited

duration of a TRO under section 213.5, subdivision (c)(1) provides no reason to infer — contrary to section 213.5, subdivision (b)'s express incorporation of the notice requirements in Code of Civil Procedure section 527 — that the Legislature intended *no* advance notice be given to the juvenile, especially when a TRO in this context may have serious consequences for the juvenile who is restrained.

A willful and knowing violation of a restraining order issued under section 213.5 is a misdemeanor and may subject a juvenile to a new delinquency proceeding. (§ 213.5, subd. (h); see Pen. Code, § 273.65.) Section 213.5 orders can be entered into the California Law Enforcement Telecommunications System (CLETS) database system. (§ 213.5, subd. (g).) And the issuance of an order enjoining a juvenile's contact with a fellow student or other member of the school community, even for just a few weeks, creates additional difficulties for the juvenile. These potential consequences of a TRO counsel against an inference that the Legislature intended to eliminate the standard notice requirement that affords the juvenile an adequate opportunity to contest an application for a TRO.

We see nothing in the legislative history that casts doubt on our straightforward reading of the statutes. The Legislature enacted section 213.5 in 1989 to provide a means by which a juvenile court could enter TROs and protective orders in connection with a dependency petition, similar to the injunctive powers of the family law courts. (Stats. 1989, ch. 1409, § 2, p. 6203; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 221 (1989–1990 Reg. Sess.) as amended Sept. 11, 1989, p. 3.) The primary purpose of the legislation was to provide a tool by which a person committing abuse, rather than the child suffering the abuse, could be removed from the

home in situations of domestic violence.  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 221 (1989–1990 Reg. Sess.) as amended Sept. 11, 1989, p. 2.)  Section 213.5 was amended in 1998 to extend the same authority in connection with delinquency petitions. (Stats. 1998, ch. 390, § 1, p. 2909.)   According to the bill sponsor, "it is common in delinquency cases to encounter a family situation in which a member of the household either poses a threat to a child or is contributing to the anti-social behavior of the child." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 2017 (1997–1998 Reg. Sess.) as introduced Feb. 20, 1998, p. 3.)  The same amendment also authorized the juvenile court to enjoin the minor subject to the delinquency petition "from contacting, threatening, stalking, or disturbing the peace of any person the court finds to be at risk from the conduct of the child, or with whom association would be detrimental to the child."  (Stats. 1998, ch. 390, § 1, p. 2909.)  The Judicial Council, which sponsored the bill, explained that "expressly authorizing the juvenile court to issue restraining orders would increase efficiency and expedite the resolution of many cases" — for example, by enabling "victims of juvenile crime . . . to seek protection from the juvenile court, rather than having to pursue a civil harassment protection order in a separate forum." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 2017 (1997–1998 Reg. Sess.) as introduced Feb. 20, 1998, p. 3.)

Although efficiency was a guiding purpose of the legislation, the Legislature chose a specific means of achieving that end:  providing a single forum for resolving a delinquency petition along with any associated restraining or protective orders instead of requiring two separate proceedings.  Toward that end, the Legislature largely imported rather than amended

the procedures and standards for obtaining preliminary relief set forth in Code of Civil Procedure section 527, subdivisions (a) and (c). Section 213.5 does authorize the juvenile court to take a number of steps to protect the safety of the minor and the public, including issuing orders regarding custody, parental rights, and the minor's freedom of movement and access to school. The Legislature recognized that such steps may be necessary, sometimes with little or no notice, to ensure the safety of the minor and the public. But the Legislature did not do away with notice in all instances. Instead, it authorized issuance of a TRO without notice when the applicant shows a need to avoid "great or irreparable injury" and otherwise complies with applicable procedures. (Code Civ. Proc., § 527, subd. (c)(1).)

Finally, the district attorney cites rule 5.630 of the California Rules of Court — which provides that an application for a restraining order in a delinquency case "may be submitted without notice, and the court may grant the petition and issue a temporary order" (Cal. Rules of Court, rule 5.630(d)) — as confirmation that a TRO in a juvenile proceeding may be issued without notice. The question, however, is not simply whether a TRO application may be submitted and granted without notice, but under what circumstances this may occur.

California Rules of Court, rule 5.630(a) explains: "After a petition has been filed under section 300, 601, or 602, and until the petition is dismissed or dependency or wardship is terminated, or the ward is no longer on probation, the court may issue restraining orders as provided in section 213.5." The phrase "as provided in section 213.5" necessarily incorporates the procedural requirements set forth in section 527. Further, although California Rules of Court, rule 5.360(d)(1) provides

that "[i]n determining whether or not to issue the temporary restraining order without notice, the court must consider all documents submitted with the application and may review the contents of the juvenile court file regarding the child," nothing in the rule specifies under what circumstances it is permissible for a court to issue a TRO without notice. Code of Civil Procedure section 527 makes clear that the court must find that "great or irreparable injury will result to the applicant before the matter can be heard on notice" (*id.*, subd. (c)(1)) and that the applicant has made efforts or has given reasons why no effort need be made, to inform the opposing party when and where the application would be made (*id.*, subd. (c)(2)). To the extent the district attorney claims there is tension or inconsistency between what California Rules of Court, rule 5.630 authorizes and what section 213.5 or Code of Civil Procedure section 527 says, it is settled that " '[r]ules promulgated by the Judicial Council may not conflict with governing statutes' " and that " '[i]f a rule is inconsistent with a statute, the statute controls.' " (*People v. Guerra* (2016) 5 Cal.App.5th 961, 966.)

In sum, we hold that a TRO application under section 213.5 must satisfy the procedural requirements of Code of Civil Procedure section 527. This means that an applicant who seeks the issuance of a TRO without notice must show "great or irreparable injury" justifying the absence of notice (Code Civ. Proc., § 527, subd. (c)(1)), as well as a good faith effort to inform, or reasons why no effort need be made to inform, the opposing party when and where the application would be made (*id.*, subd. (c)(2). In light of our holding, we need not decide whether notice in this context is required as a matter of due process. Where the prosecutor neither provides notice nor makes a showing of justification for lack of notice, the juvenile court must provide

counsel and the minor with sufficient time to prepare and respond before any TRO may issue.  How much time is required will depend on the totality of the circumstances, including the complexity of the incident that gave rise to the juvenile petition, the number of witnesses relevant to the matter, and the scope and type of restrictions requested in the TRO application.

In this matter, the district attorney concedes that no notice was provided before the hearing, and no attempt was made to show "great or irreparable injury" (Code Civ. Proc., § 527, subd. (c)(1)) or otherwise to comply with Code of Civil Procedure section 527, subdivision (c).  The juvenile court's issuance of the TRO thus exceeded its authority under section 213.5.  We express no view on the Court of Appeal's determination that substantial evidence supports the juvenile court's issuance of the restraining order in this case.

## CONCLUSION

We reverse the Court of Appeal's judgment affirming the issuance of the temporary restraining order.


**LIU, J.**



**We Concur:**

**CANTIL-SAKAUYE, C.J.**
**CORRIGAN, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  In re E.F.

---

**<u>Procedural Posture</u>** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 45 Cal.App.5th 216
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S260839
**Date Filed:**  April 19, 2021

---

**Court:**  Superior
**County:**  Los Angeles
**Judge:**  Morton Rochman

---

**Counsel:**

Courtney M. Selan, under appointment by the Supreme Court, for Defendant and Appellant.

Jackie Lacey, District Attorney, John Pomeroy, Phyllis Asayama and Grace Shin, Deputy District Attorneys, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Courtney M. Selan
Attorney at Law
11664 National Blvd., Suite 258
Los Angeles, CA 90064
(310) 452-6870

Grace Shin
Deputy District Attorney
320 West Temple St., Room 540
Los Angeles, CA 90012
(213) 974-5911