Filed 5/16/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309234 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. |
| | BA453010/SJ4660 |
| FINANCIAL CASUALTY & SURETY, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge. Affirmed.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Yuan Chang, Deputy County Counsel for Plaintiff and Respondent.

## INTRODUCTION

Financial Casualty & Surety, Inc. (Surety) provided a $100,000 bail bond for a criminal defendant who failed to appear in court as required. The court declared a forfeiture of the bond under Penal Code section 1305[1] and Surety failed to vacate the forfeiture within the statutorily specified appearance period. Accordingly, the court entered summary judgment against Surety in the amount of the bond and court costs.

Surety appeals from the denial of its motion to set aside the summary judgment on the forfeited bond. It argues the trial court prematurely entered summary judgment because an emergency rule adopted by the Judicial Council in response to the Covid-19 pandemic (Emergency rule 9), which tolled "the statutes of limitations and repose for civil causes of action," also tolled the appearance period for vacating forfeitures of bail bonds. We disagree and affirm the order.

## FACTS AND PROCEDURAL BACKGROUND

In March 2019, Surety posted a bail bond of $100,000 for a criminal defendant (Vanessa Anderson) accused of three felony counts. Anderson failed to appear in court on May 17, 2019, and the court ordered the bail forfeited. The clerk mailed notice of the forfeiture on May 23, 2019, informing Surety of the court's order and notifying it that the court could set aside the forfeiture upon the filing of a timely motion under section 1305 within the appearance period, i.e., 185 days. At Surety's request, the court

---

[1] All undesignated statutory references are to the Penal Code.

2

subsequently extended the appearance period by 180 days, to June 10, 2020, under section 1305.4.[2]

When the appearance period terminated on June 11, 2020, the bond forfeiture had not been set aside. Accordingly, under section 1306, the court entered summary judgment against Surety on July 31, 2020. The clerk mailed notice of entry of judgment in the amount of the bond, plus $435 in court costs, to Surety on August 3, 2020.

On August 17, 2020, Surety filed a motion to set aside the summary judgment and to reinstate and extend the bail bond under Code of Civil Procedure section 473, subdivision (b). Surety stated that the statewide shelter-in-place order issued by Governor Gavin Newsom[3] interfered with its ability to locate Anderson and argued that circumstance was a judicial emergency (Code of Civil Procedure sections 12 and 12a) and, in addition, was an "excusable mistake" within the meaning of Code of Civil Procedure section 473, subdivision (b). Surety also urged the court to set aside the judgment under its broad equitable power.

The court denied the motion on October 16, 2020. Surety timely appeals.

---

[2] Emergency rule 9 became effective on April 6, 2020.

[3] On March 19, 2020, the Governor issued an executive order directing nonessential workers to remain at home due to the ongoing threat posed by the Covid-19 pandemic. (<https://www.gov.ca.gov/wp-content/uploads/2020/03/EO-N-33-20-COVID-19-HEALTH-ORDER-03.19.2020-002.pdf> [as of May 6, 2022], archived at <https://perma.cc/977G-TYP7>.)

# DISCUSSION

Surety contends the trial court prematurely entered summary judgment because Emergency rule 9, which expressly tolled "the statutes of limitations and repose for civil causes of action" from April 6, 2020 to October 1, 2020, also tolled the period in which a surety may move to vacate the forfeiture of a bail bond. We disagree.

## 1. Scope and Standard of Review

We independently review and interpret Judicial Council emergency rules. (See *People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 38–39 (*Financial Casualty*); *In re M.P.* (2020) 52 Cal.App.5th 1013, 1020.)

The well-settled rules of statutory construction apply to the California Rules of Court. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902; *People v. Guerra* (2016) 5 Cal.App.5th 961, 966.) " 'Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]' [Citation.] We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. [Citation.] If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views. [Citation.] We also strive to avoid construing ambiguous statutes in a manner that creates doubts as to their validity." (*John v. Superior Court* (2016) 63 Cal.4th 91, 95–96.)

## 2.    Legal Principles

### 2.1.    Bail Forfeiture Procedure

A bail bond is a contract between the government and a surety in which the surety guarantees that a specific criminal defendant will appear in court as required during the criminal prosecution. The surety pledges to pay the court the specified bond amount if it is unable to secure the defendant's presence. (See, e.g., *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42.)

If the defendant subsequently fails to appear as required and the failure to appear is not excused, the court must declare the bail forfeited. (§ 1305, subd. (a); see *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314; *People v. North River Ins. Co.* (2020) 53 Cal.App.5th 559, 563.) After the court declares the bail forfeited and the clerk of the court mails notice to the surety, the surety has a period of 185 days (known as the appearance period) to secure the defendant's appearance in court. The surety may seek an extension of the appearance period for no more than 180 days. (§ 1305.4; *People v. Financial Casualty & Surety, Inc., supra*, 2 Cal.5th at p. 46, fn. 2 [noting the total allowable extension is limited to 180 days from the date of the first extension order].) If the surety cannot produce the defendant during the appearance period, it may move to vacate the forfeiture and exonerate the bond if it can prove that one of the limited excuses set forth in the statute is applicable. (§ 1305, subd. (c)(1); see *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)

If the appearance period expires and the bail forfeiture has not been set aside, the court must enter a summary judgment against the surety in accordance with the terms of the bail bond.

(§ 1306, subd. (a); *People v. North River Ins. Co., supra,* 53 Cal.App.5th at p. 563.) The summary judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond. (*People v. North River Ins. Co.,* at p. 567 ["If the forfeiture has not been vacated at the end of the appearance period, the court has no choice but to enter summary judgment in accordance with the terms stated in the bond."]; *People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047 ["A summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial."].)

While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature. (See *People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 657; *Financial Casualty, supra*, 73 Cal.App.5th at p. 39.)

### 2.2. Emergency Rule 9

Emergency rule 9 was adopted by the Judicial Council and became effective on April 6, 2020. As initially adopted, Emergency rule 9 tolled "the statutes of limitations on all civil causes of action from April 6, 2020, … until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted." As amended on May 29, 2020, and as pertinent here, Emergency rule 9 reads: "(a) Tolling statutes of limitations over 180 days [¶] Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."

The Advisory Committee comment explains the application of the rule: "Emergency rule 9 is intended to apply broadly to toll

any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term 'civil causes of action' includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ['action,' as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed 'as including a special proceeding of a civil nature'[ ]; special proceedings of a civil nature include all proceedings in title 3 of the code, including mandamus actions under §§ 1085, 1088.5, and 1094.5—all the types of petitions for writ made for California Environmental Quality Act (CEQA) and land use challenges]; see also Pub. Resources Code, § 21167(a)–(e) [setting limitations periods for civil 'action[s]' under CEQA].) [¶] The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure, including the limitations on causes of action found in, for example, the Family Code and Probate Code."

The Judicial Council explained the background of Emergency rule 9, and the reasons for amending it, in a Circulating Order (No. CO-20-09 found at <https://jcc.legistar.com/View.ashx?M=M&ID=790621&GUID=A0ED0998-D827-4792-9BD1-A3A4FCF939AA> [as of May 6, 2022], archived at <https://perma.cc/2DFS-VB38>.)

3.  **Emergency rule 9 did not extend the appearance period in bond forfeiture proceedings.**

As noted, Emergency rule 9 applies to "statutes of limitations and repose for civil causes of action." Surety urges that the rule applies in special proceedings, such as bail forfeiture proceedings, and that the rule tolled the appearance period because a "motion to vacate forfeiture commences an action for relief from forfeiture."

7

" ' "[A] statute of limitations normally sets the time within which proceedings must be *commenced* once a *cause of action* accrues." ' [Citation.] 'A cause of action is simply the obligation sought to be enforced against the defendant.' [Citation.]" (*Financial Casualty, supra*, 73 Cal.App.5th at p. 40.)

Bail forfeiture proceedings in general, and a motion for relief from bail forfeiture in particular, do not fit these definitions. Specifically, when a surety files a motion for relief from forfeiture, it is not initiating an action or proceeding. As explained *ante*, several steps precede the request for relief in bail forfeiture proceedings: the surety has posted the bond, the criminal defendant has failed to appear, the court has made a determination that the surety breached the guarantee set forth in the bond, and in some cases, as here, the surety has requested and received an extension of time in which to procure the defendant's appearance. (See, e.g., *People v. Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 236–237 [" '[T]he declaration of forfeiture … is not a forfeiture at all but merely the initial step (in the nature of an order to show cause) in proceedings to forfeit the bond and render judgment against the surety.' "]; *Financial Casualty, supra*, 73 Cal.App.5th at p. 41.)

Further, in seeking relief from bail forfeiture, the surety is not seeking to enforce an obligation. Quite the opposite. In a motion for relief from bail forfeiture, the surety is trying to avoid the consequence of its failure to fulfill its obligation under the bond. In other words, the surety is in a defensive posture. (*Financial Casualty, supra*, 73 Cal.App.5th at p. 41 ["Once commenced by the trial court, the [bail forfeiture] proceeding will result in a monetary summary judgment against the surety

8

unless the surety takes *defensive* action within the appearance period."].)

Moreover, unlike a statute of limitations, the appearance period does not limit the time in which the surety may initiate a proceeding or otherwise assert its rights. It is the time in which the surety may either cure its breach of the bond by producing the defendant or demonstrate why the breach should be excused.

Assuming, without deciding, that the language of the rule contains some ambiguity, we turn to the Judicial Council's additional statements about Emergency rule 9 to determine the intended scope of the rule. The Advisory Committee comment states that the rule applies "broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action … [¶] including … causes of action found in codes other than the Code of Civil Procedure, including the limitations on causes of action found in, for example, the Family Code and Probate Code." Like the language of Emergency rule 9, the comment refers to "pleading[s] … asserting a civil cause of action." As our colleagues in the Fourth District recently observed, a motion to vacate a bail forfeiture is not a pleading. It is a motion and is ancillary to ongoing proceedings. (See *Financial Casualty, supra*, 73 Cal.App.5th at p. 40.)

To the extent any question remains about the intended scope of Emergency rule 9, it is resolved by the Circulating Order, which plainly focuses on the initiation of civil proceedings. (See Circulating Order at p. 1 ["[E]mergency rule 9 … tolled statutes of limitations on the commencement of civil causes of action … ."]; *id.* at p. 5 [discussing "the time for filing certain initial pleadings"]; *id.* at pp. 6, 9 [Emergency rule 9 "is intended to apply broadly to toll any statutory limitation on the filing in court of a

pleading commencing a civil cause of action … ."]; *id.* at p. 6 [Emergency rule 9 is intended to relieve "difficulty timely filing initial pleadings in the trial court."]; see also *People v. Philadelphia Reinsurance Corp.* (2021) 70 Cal.App.5th Supp. 10, 18 ["To the extent that Emergency Rule 9 may be ambiguous, the Advisory Committee comment to the rule and the Judicial Council's circulating order memorandum support the conclusion that Emergency Rule 9 does not extend the timelines set forth in the Penal Code sections governing bail bond forfeiture procedures."].)

Relying on *People v. Wilcox* (1960) 53 Cal.2d 651, Surety asserts that "a motion to vacate forfeiture commences an action for relief from forfeiture that is a final determination in a matter collateral to the criminal prosecution." But the threshold question in that case, to which Surety directs our attention, concerned the finality and appealability of an order granting relief from forfeiture. (*Id.* at pp. 654–655.) Appealability is not at issue in the present case. Moreover, the determination that an order is appealable has no bearing on the issues at hand, i.e., whether a motion for relief from bail forfeiture initiates a civil proceeding, states a cause of action, or is governed by a statute of limitations.

Surety also claims the appearance period set forth in section 1305 is a statute of limitations, citing *People v. Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773. We agree with our colleagues in the Fourth District that the court's reference to the appearance period as a statute of limitations was in the context of an analogy and was not a reflection of the court's legal analysis concerning the nature of bail forfeiture proceedings. (*Financial Casualty, supra*, 73 Cal.App.5th at pp. 41–42.)

10

In sum, a motion to set aside bail forfeiture, in which a surety may assert defenses in an existing forfeiture proceeding, is not a pleading that commences a cause of action or special proceeding. Thus, the appearance period is not a statute of limitations subject to tolling under Emergency rule 9.[4]

## DISPOSITION

The order is affirmed. The respondent shall recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

---

[4] Because we conclude Emergency rule 9 does not toll the appearance period, we need not address Surety's argument that the court entered summary judgment prematurely due to the tolling effect of the rule.